## MAGRAW *v.* McGLYNN.

APPEAL TO THE SUPREME COURT OF THE UNITED STATES.—An appeal from the Supreme Court of this State to the Supreme Court of the United States, is taken within ten days "after rendering the judgment" within the meaning of these terms as used in the Act of Congress, and operate as a supersedeas, if the writ of error is sued out and lodged with the Clerk, and the proper security given, within ten days from the time a petition for rehearing is denied.

THE Clerk of this Court declined to issue the remittitur, and an application was made for an order requiring him to issue it. The case is reported in 26 Cal. 420.

The other facts are stated in the opinion of the Court.

*Patterson, Wallace & Stow*, for the Motion.

More than ten days having elapsed between the "rendering the judgment" and bringing the writ of error, the writ of error did not operate as a supersedeas. (1 U. S. Stat. at Large, p. 85, Sec. 23 ; *U. S. ex rel. Crawford* v. *Addison*, 22 Howard, p. 183–4.) "Rendering the judgment" (1 U. S. Stat. p. 85, Sec. 23,) is the equivalent of "rendered" or "rendition" of judgment (Prac. Act, Sec. 336,) and is the act of the Court, and not its mere entry by the Clerk. (*Gray* v. *Palmer*, 28 Cal. 416 ; *Peck* v. *Courtis*, 31 Cal. 207.) And the doctrine in the Supreme Court of the United States is that the *time when the judgment may be said to be rendered* depends upon the practice of the Court rendering the judgment. (*Silsby* v. *Foote*, 20 Howard U. S. 295.) "Judgment is affirmed" is "rendering the judgment" in this Court. (*People* v. *Skidmore*, 27 Cal. 292.) The Act of Congress cannot be dispensed with by any Court, but must have its effect. (*United States* v. *Curry*, 6 Howard, 113 ; *Hogan* v. *Ross*, 11 Howard, 297 ; *Saltmarsh* v. *Tuthill*, 12 Howard, 389.)

*J. P. Hoge*, Contra.

The twenty-second section of the Judiciary Act of 1789 (1 Stat. at Large, 84,) provides for the review on writ of error to the Supreme Court, of all *final judgments* and decrees in

33

civil actions, and suits in equity in the Circuit Court, where the matter in dispute exceeds a certain sum. But writs of error shall not be brought but within five years " *after rendering or passing the judgment or decree complained of,*" etc. The twenty-third section provides : " That a writ of error as aforesaid shall be a supersedeas and stay execution in cases only where the writ of error is served, by a copy thereof being lodged for the adverse party, etc., within ten days, Sundays exclusive, *after rendering the judgment or passing the decree complained of.* Until the expiration of which term of ten days, execution shall not issue in any case where a writ of error may be a supersedeas," etc.

None of the cases cited by the respondent bear upon the question or throw any light upon it, except the case of *Silsby et al.* v. *Foote*, 20 Howard, 290, and that case, as we understand it, is directly opposed to his position and sustains the views of the appellant. According to the rules and practice of this Court, when may its judgments be said to be *final*, in that sense meant and provided for by the Act of Congress ? Several of the rules of this Court bear upon this question. The twenty-first rule provides that all *opinions* delivered by the Court, after having been *finally* corrected, shall be recorded by the Clerk. The twenty-second allows fifteen days after judgment rendered or order made within which may be printed and filed a petition for rehearing, except in certain districts, and in those twenty-five days is allowed. The petition itself is made to operate as a stay of proceedings, until the decision of the motion, or the further order of the Court. The twenty-third rule provides that no remittitur shall issue until after the expiration of the time allowed by the rule to file a petition for rehearing, unless otherwise ordered by the Court. By the twenty-fifth rule, when a judgment is reversed or modified, a certified copy of the opinion in the case shall be transmitted, with the remittitur, to the Court below. And by the thirty-ninth rule the mode of reviewing the decisions of the Court, in proceedings for writs of mandate, shall also be by petition for rehearing as in other cases. It would seem to be too clear

for question, from the reading of these rules, that their operation is to suspend the finality of the judgment, for the given time, and until the final decision on the petition for rehearing, if one be filed. Until then the whole matter is in the breast of the Court, is *in fieri*, and the judgment as announced, may be altered, modified, or entirely changed, and he who is the successful party on the first announcement of the opinion, may be the losing party on the final determination, which for the first time puts an end to the case and *finally* disposes of it. (*Lee* v. *Tillotson*, 4· Hill, 29 ; *Weston* v. *The City Council of Charleston*, 2 Peters, 449.)

By the Court, SAWYER, J.:

On the 6th of December, 1864, this Court filed its opinion and announced its judgment in this case, and a minute of the judgment rendered was entered by the Clerk in the record of that day's proceedings. A petition for rehearing was subsequently filed within the time allowed by the rules of this Court, and the remittitur stayed until the decision on the petition. The petition was denied on the 21st of January, 1865. On the 27th of January a writ of error to the Supreme Court of the United States was sued out and lodged with the Clerk of this Court and the proper security given. Was the writ sued out within ten days "after rendering the judgment," within the meaning of these terms, as used in the Act of Congress on the subject, so as to operate as a supersedeas? (1 U. S. Stat. at Large, p. 85, Sec. 22.)

The Supreme Court of the United States have construed this provision with reference to a strictly analagous state of facts. A final decree was rendered on the 10th of May. A petition to reopen the decree for certain purposes was filed on the 26th of the same month, in the same term, and denied on the 9th of June. An appeal was taken from the decree and the order on the 15th of June, and the proper bond given. It was claimed that the appeal was too late to operate as a supersedeas. The Court held the order not appealable; that the

final and appealable decree was rendered on the 10th of May, but that the decree was suspended by the subsequent action of the Court and did not take effect until the 9th of June, and that the appeal was in time. (*Brockett* v. *Brockett*, 2 How. 240.) This case appears to us to be in point. The application to reopen a decree is substantially a petition for rehearing. At all events, the final judgment is as clearly suspended in one case as in the other. Whether this construction is right or wrong, it is authoritative, and must control the decision of this motion.

It follows that the appeal is in time and that the motion for a remittitur must be denied, and it is so ordered.

Mr. Justice RHODES did not express any opinion.