## GRISWOLD, appellant, *v.* RYAN, respondent.

PRACTICE — *time for taking appeals after judgment and rehearing.* G. commenced an action against R. in a justice's court, and an appeal was taken to the district court, where R. recovered judgment. G. made a motion for a rehearing, which was denied, and perfected this appeal within ninety days after the denial of the motion, but more than ninety days after the rendition of the judgment. The three hundred and sixty-ninth section of the Civil Practice Act provides that " an appeal may be taken * * * from a judgment rendered on an appeal from an inferior court, within ninety days after the rendition of the judgment." *Held,* that the motion for a rehearing is not a matter of right, and does not affect the judgment, which is final until reversed. *Held,* also, that this appeal must be dismissed, because the same was not perfected within ninety days after the rendition of the judgment.

*Appeal from First District, Jefferson County.*

THIS action was commenced in a justice's court and thence appealed to the district court.

The respondent filed a motion to dismiss this appeal.

CHUMASERO & CHADWICK and G. G. SYMES, for the motion.

This court has no jurisdiction of the case. The appeal was not taken or perfected within ninety days from the time the judgment

appealed from was rendered. Civ. Pr. Act, § 369; *Dooling* v. *Moore*, 20 Cal. 141.

W. F. SANDERS and SHOBER & LOWRY, contra.

The action of the court below was not final until the motion for a rehearing had been overruled. This appeal was taken within ninety days from the time the motion was overruled. Judgment was not final while this motion was pending. The supreme court of the United States has decided that the ten days, within which an appeal must be taken to operate as a supersedeas, begins to run from the time a motion for a rehearing is overruled, and not from the time when the same was put on record.

WADE, C. J. This is a motion to dismiss appeal. There was a judgment for respondent in the court below, a motion for re-hearing and an appeal to this court. The appeal was not per-fected within ninety days after the rendition of the judgment, as required by the statute, but was so perfected within the required time, after the motion for a rehearing had been denied. It is claimed that, while this motion was pending, the judgment amounted simply to an order, and that no appeal could have been taken until the motion was disposed of.

The judgment below was final, until reversed or set aside, and barely filing a motion for this purpose does not change its char-acter.

Motions for rehearing after judgment cannot be made as of course, or demanded as of right. Judgments are so far within the control of the court that rendered them, that, upon proper show-ing and for good cause, motions for rehearing will be granted. But motions of this character can have no force or effect whatever until such a case is made as will obtain leave of the court to file them. Leave should be first obtained upon proper case made, but such leave does not disturb the final character of the judg-ment. The placing on file of a motion for a rehearing, without any action by the court in the premises, does not in any manner affect the judgment, and does not prolong the time in which an appeal can be taken. *Columbia M. Co.* v. *Holter*, 1 Mon. 429.

*The motion to dismiss the appeal is granted.*