Bissell, J.,
delivered the opinion of the court.
This was an action on a money demand brought against Slattery and another in the county court in 1893. One of the defendants made default and judgment was accordingly entered, but the case was defended by Slattery. Various proceedings were had in the case until the 16th of August, when it was tried and a judgment rendered against Slattery for 8744.20. A motion for a new trial was subsequently fiLed, and, taking the usual course, was ultimately argued and determined on the 29th of August. Nothing whatever appears to have been done prior to this time with reference to the prosecution of an appeal from the judgment against Slattery. When the motion for a new trial was overruled, an appeal *23 was prayed to the district court and allowed; a bond was filed and the papers subsequently reached that court. There a motion was made to dismiss the appeal on several grounds, but the principal one, and that with which we are concerned, was based on the statute which fixes the time within which an appeal must be taken. In the district court the motion to dismiss the appeal was heard on the 18th of December, and allowed. - In the order five days’ time was given the appellant, Slattery, in which to elect what he would do. Just what this order meant, its scope or purpose, cannot be gathered from the record. It would appear, however, that Slattery afterwards filed a motion to rehear the motion to dismiss the appeal which had been disposed of on the 30th of December. This motion was heard and taken under advisement. After the term had elapsed, and on the 22d of Januaiy of the ensuing year, the motion to rehear the motion to dismiss the appeal was denied, and from this order or judgment Slattery prayed an appeal to this court. An application was made here to dismiss the appeal. It was not determined in limine, but the matter is presented for our consideration on final argument.
We do not find it necessary to dispose of some of the questions which -are argued on this hearing. Slattery never acquired the right to have his case determined, either in the district court, or heard on appeal here, because he failed to take the statutory steps to preserve whatever rights he may have had. It has long been settled in this jurisdiction that the service of a notice, according to the statutory requirements, is an indispensable prerequisite to the perfection of an appeal from the county court. The matter is jurisdictional, and consent will not confer jurisdiction for the purposes of review. Gordon v. Gray, 19 Colo. 167 ; Daniels v. Daniels, 9 Colo. 133 ; Hunt v. Arkell, 13 Colo. 543 ; Dusing v. Nelson, 6 Colo. 39.
There is no escape from the force and effect of these repeated adjudications of the supreme court upon the questions involved. The act of 1885, page 158, provides that *24 an appeal from the county to the district court must be taken within ten days, unless within that limited time the court upon good cause grants further time for perfecting the appeal. This statute has been somewhat amended since, but our attention has been called to no act which in any wise changes or modifies this particular provision. It therefore follows when final judgment was entered on the 16th of August, and no appeal was prayed, or taken, or perfected within ten days from that time, the subsequent proceedings gave the district court no jurisdiction to hear or try the case, and its order dismissing the appeal was entirely regular and free from error. We discover nothing in the record which would take this question out of the operation of the statute, or which shows the parties have in any wise lost their right to insist on the enforcement of their judgment. The same principle and the same rules are applicable to the proceedings in the district court. We do not inquire whether the order which the court made on the application to dismiss the appeal was a judgment from which an appeal would lie to this court, because, assuming it to be such, the parties took none of those steps which the statute requires to perfect an appeal to this tribunal. If the judgment was entered, it was entered in December. It was in no wise stayed by any proceedings taken in that court and the parties neither took an appeal nor any steps in that direction until the following January, nearly thirty days after the entry. This practice does not accord with the statute, and since the parties did not in any wise preserve their rights, they were lost by their laches, and an appeal cannot now be successfully prosecuted. The appeal will be dismissed and the case remanded.

Dismissed and remanded.