[Sac. No. 51. In Bank.—January 10,.1896.]

## P. HENRY, Respondent, *v.* J. L. MERGUIRE et al., Appellants.

APPEAL FROM JUDGMENT—LIMITATION OF TIME—DISMISSAL.— An appeal from a judgment not taken within one year from the entry of the judgment is ineffectual, and will be dismissed.

ID.—LIMITATION INFLEXIBLE.—The period fixed by the statute is an express and peremptory limitation of time within which the appeal must be taken, and is not a flexible rule to be varied by extrinsic circumstances.

ID.—EFFECT OF APPEAL FROM ORDER GRANTING NEW TRIAL—COMPUTATION OF TIME TO APPEAL FROM JUDGMENT.—An appeal from an order granting a new trial operates to suspend the functions of the order, and leaves the judgment subsisting, for the purposes of an appeal therefrom pending the order; and the time between the making of the order and the reversal thereof upon appeal cannot be excluded from the computation of time within which an appeal must be taken from the judgment.

MOTION in the Supreme Court to dismiss an appeal from a judgment of the Superior Court of Nevada County. JOHN CALDWELL, Judge.

The facts are stated in the opinion of the court.

*A. S. Moore,* and *Thomas S. Ford,* for Respondent.

*J. M. Walling,* and *W. H. Chickering,* for Appellants.

CXI. CAL.—1      (1)

VAN FLEET, J.—Motion by respondent to dismiss appeal from the judgment. One of the grounds of the motion is that the appeal was not taken within one year from the entry of judgment, and is therefore too late. The judgment was entered November 2, 1893, and the appeal was taken April 27, 1895. Section 939 of the Code of Civil Procedure provides that an appeal from the judgment must be taken within one year from the entry of the judgment; and it has been uniformly held that an appeal taken after that time is ineffectual, and must be dismissed. To avoid the effect of that limitation in this instance it is claimed by appellant that the time within which he was otherwise required by the statute to take his appeal was suspended by the fact that the lower court on February 19, 1894, made an order granting a new trial, which order was appealed from, and such appeal not determined until February 25, 1895, when the order was reversed. The contention of appellant is that the effect of the order granting a new trial was to vacate the judgment, and that until the reversal of the order there was no judgment in existence from which to appeal; that by reason of that fact the time intervening the making of said order and the reversal thereof should be excluded in computing the year given by the statute in which to appeal from the judgment. This position is untenable. In the first place, the period fixed by the statute is an express and peremptory limitation within which the right given must be exercised, and is not a flexible rule to be varied by extrinsic circumstances. (*Bornheimer* v. *Baldwin*, 42 Cal. 31.) In the second place, it is held by this court in *Pierce* v. *Birkholm*, 110 Cal. 669, that while the ultimate effect of the order granting a new trial is to vacate and set aside the judgment, an appeal from such order operates to suspend its functions, and leave the judgment subsisting, for the purposes of an appeal therefrom, pending the appeal from the order. There was, therefore, nothing to prevent appellant from tak-

ing his appeal from the judgment within the year given for the purpose.

The motion is granted, and the appeal dismissed.

MCFARLAND, J., GAROUTTE, J., BEATTY, C. J., HEN-SHAW, J., and TEMPLE, J., concurred.