HILL *v.* HILL.[1]

WRIT OF ERROR—TIME OF BRINGING—NEW TRIAL—STATUTES.
> The time within which a writ of error must be sued out under 3 How. Stat. § 8686, requiring all such writs to be brought within one year after the rendition of final judgment, was not extended by Act No. 134, Pub. Acts 1893, authorizing the party appealing to assign error upon the action of the trial court in refusing a motion for a new trial.

Error to Wayne; Simpson, J., presiding.

Case by Bridget Hill against Matilda Hill for alienating the affections of plaintiff's husband. There was a judgment for plaintiff, and defendant brought error. On motion to dismiss. Submitted October 5, 1897. Granted October 25, 1897.

---

[1] See *Hill* v. *Hill*, 112 Mich. 633.

*Charles Flowers* and *John E. Moloney* (*John J. Speed*, of counsel), for the motion.

*George X. M. Collier* and *Charles W. Casgrain* (*Elliott G. Stevenson*, of counsel), *contra*.

LONG, C. J. Judgment was entered in this cause in the Wayne circuit court February 6, 1896. On May 25, 1897, an order was made by this court extending the time for issuing writ of error six months from February 6, 1897. That time elapsed August 6, 1897. The writ of error was issued out of this court on August 17, 1897. Motion is now made to dismiss the writ of error, for the reason that it did not issue within the time fixed by 3 How. Stat. § 8686.

The defendant (appellant) contends that, inasmuch as a motion for new trial was made and entered in the cause, the time fixed by the above statute did not begin to run until the motion for new trial had been decided in the circuit court; that the statute must be read in connection with Act No. 134, Pub. Acts 1893. It appears that a motion was made for new trial July 26, 1896, and that the same was denied August 24, 1896.

Section 8686, 3 How. Stat., provides that:

"All writs of error upon any judgment or final determination rendered in any cause in any court of law and of record in this State shall be brought within one year after the rendering of such judgment or final determination made, and not after, except in cases specified in the next two sections: *Provided*, the time in which writs of error may be taken out may be extended, not exceeding six months, by the Supreme Court, or by one of the Supreme Court Justices at chambers, when any party has been prevented from taking out the same by circumstances not under his control," etc.

This act was passed in 1889. Act No. 134, Pub. Acts 1893, provides that:

"In all cases hereafter taken to the Supreme Court on writ of error or appeal, where a motion for a new trial has been previously refused by the trial judge, the party

appealing the same may incorporate in the bill of excep-
tions a record of all proceedings had on said motion for a
new trial, including the reasons given by the trial judge
in refusing to grant said new trial.   Exceptions may be
taken and error assigned on the decision of the circuit
judge in refusing such motion, and the same shall be
reviewed by the Supreme Court."

Counsel for appellant now contend that this last-men-
tioned act has enlarged the time in which a writ of error
may be sued out under the former statute where a motion
for a new trial has been made, and that the time for tak-
ing out such writ of error under such circumstances does
not begin to run until the motion is decided by the trial
court.   This contention is apparently based upon a sup-
posed implication arising from this last act.   The statute
does not, by its terms, extend the time for suing out the
writ; but counsel cite cases which they contend support
this conclusion.   Those cases are of but little value as
authority, as they arise in States where the code practice
prevails.   In Kentucky it was held that no appeal can be
taken by either party without first making motion for
new trial in the court where the error complained of oc-
curred.   *Louisville Chemical Works* v. *Com.*, 8 Bush,
179.   Counsel cite 2 Thomp. Trials, § 2730, where the
doctrine is laid down that a pending motion for a new
trial, seasonably filed, keeps the cause in the trial court,
and, so long as it remains undisposed of, there can be no
final judgment within the meaning of the statute regulat-
ing appeals.   That is not the rule in this State.   It was
said in *Buckley* v. *Sutton*, 38 Mich. 1, under the old
statute, that:

"A writ of error must be sued out within two years
after judgment, and a party cannot prolong the time by
moving to vacate the judgment, although considerable
delay is made before the motion is decided.   To hold
otherwise would be to defeat the statute, and enable any
one to gain time by sham proceedings.   The terms of the
statute are obligatory on the court."

In *Busch* v. *Wilcox*, 106 Mich. 520, it was held that

the right of action on a *supersedeas* bond accrued on the rendition of the judgment in the Supreme Court, and a motion for rehearing did not of itself operate to stay proceedings.

We think the statute of 1893 cannot be construed as extending the time to sue out the writ beyond the time fixed by the act of 1889, and that the time commences to run from the entry of the judgment. Any other construction would lead to great uncertainty; and, if the legislature intended that statute to so operate, it would undoubtedly have used some apt words to enlarge the time.

The motion must be granted.

The other Justices concurred.