CITY OF LINCOLN V. FIRST NATIONAL BANK OF LINCOLN.

FILED MAY 21, 1902. No. 12,603.

**Error Proceedings:** LIMITATION. In a law action, which can be reviewed only by proceedings in error, where a motion for a new trial on the ground of alleged errors occurring during the trial is seasonably presented, and not ruled upon until after rendition of the judgment in the cause, the time in which error proceedings may be begun will not begin to run until a ruling is made by the trial court on the motion for a new trial.

ERROR from the district court for Lancaster county. Tried below before FROST, J. Heard on motion to dismiss. *Motion overruled.*

*E. C. Strode* and *D. J. Flaherty,* for plaintiff in error.

*W. E. Blake, J. W. Deweese* and *Frank E. Bishop,* contra.

HOLCOMB, J.

The defendant in error presents a motion to dismiss the error proceedings in the present action instituted in this court, because not commenced within six months from the date of the rendition of the judgment complained of, as is provided shall be done by section 592 of the Code of Civil Procedure.

The action in the lower court was one at law, and was tried to the court without a jury. The findings by the court and the judgment resting thereon were made and rendered on July 15, 1901, and immediately extended on the journal of the court. On the following day, and within the time required by statute, a motion for a new trial was duly filed, assigning numerous errors alleged to have occurred during the trial of the cause as grounds for sustaining the motion. This motion appears not to have been ruled upon by the trial court at the term at which filed, which adjourned *sine die* July 20. On the date of the final adjournment, it was ordered that all pending motions not otherwise disposed of be continued until the next term. On October 8 the motion for a new trial came up for consideration, and was by the trial court overruled. The error proceedings were begun within six months from the date of overruling the motion for a new trial; but more than six months had elapsed from the actual rendition of the judgment which it is sought to have reversed. The question, therefore, which is presented, is whether, when the motion for a new trial is presented after the judgment is rendered,—which is usually the case when a law action is tried to the court without a jury,—the limitation of time within the meaning of the statute regulating the commencement of error proceedings to obtain a reversal of the judgment complained of, will date from the time of the actual rendition of the judgment, or from the time of the court's ruling on the motion for a new trial, filed subsequent to the rendition of such judgment, but at the same

term of court, and in due season, under the provisions of the statute. In considering the question, it is well to keep in mind that the record as presented in the case at bar is different from what would be the case where the motion for a new trial is presented after a verdict of the jury or finding of fact by the court, and before rendition of the judgment; the judgment in such cases being reserved until the motion for a new trial is disposed of. When the ruling on the motion for a new trial precedes the rendition of the final judgment, no difficult question is presented as to when the time allowed for the commencement of error proceedings begins to run; the ruling on the motion for a new trial in such case being only an interlocutory order, and not final in such a sense as to constitute a final judgment from which error proceedings would lie. *Smith v. Johnson,* 37 Nebr., 675. In the case at bar, the court at the time of the rendition of the judgment gave no opportunity to either party to present to it any legal reason they might have why a new trial should be granted, and thus lay the foundation for a reviewing court to pass upon the regularity and correctness of the proceedings had at the trial. These matters where judgment is rendered as in the case at bar under our practice must, in the nature of things, be presented subsequently to the time of the rendition of the judgment, and, if presented in due season, there can be no doubt of the authority of the court to retain jurisdiction and control of the cause for the purpose of ruling on such motion, and it may, we think, be said that the judgment is rendered in contemplation of further action before its final disposition in the event such a motion be filed. We speak only with relation to the statutory motion for a new trial, which is required to be filed at the same term the finding, verdict, judgment or order is entered or returned, and within three days therefrom. As to all other statutory grounds for granting new trials, we think they must be regarded as collateral in their nature, and as having no effect on the time within which error proceedings to secure a review of the main action are to be begun. It

is also clear that, before this court is authorized to review alleged errors committed by the trial court, its attention must, with but few exceptions, first be challenged to such alleged errors by motion for a new trial. We have also held that, as to those alleged errors which are required to be assigned in a motion for a new trial, they are not reviewable in error proceedings, unless it is alleged in the petition in error and shown by the record that the court erred in overruling the motion for a new trial. *James v. Higginbotham,* 60 Nebr., 203. The prior utterances of the court on the subject have not been altogether consistent, but upon a careful examination of all the cases in this court having a bearing on the question we arrive at the conclusion that the case of *Sharp v. Brown,* 34 Nebr., 406, which overrules some prior decisions, and which has since been adhered to, announces a sound rule of practice, which is supported by both reason and authority and is warranted by the language of the statute under consideration. We think such a construction is better calculated to preserve the rights of litigants to have their cases reviewed on error in the court of last resort, than is the one we are asked to adopt by sustaining the motion to dismiss the error proceedings in the case at bar because not commenced in time. In 2 Cyclopedia of Law and Procedure, 793, under the title "Appeal and Error," it is said: "In some jurisdictions, if the motion or a petition for rehearing or new trial is made or presented in season and entertained by the court, the time limited for an appeal or a writ of error does not begin to run until such motion is disposed of, the judgment or decree not taking final effect for the purposes of the appeal or writ of error until then; while in others the time is not extended by making such application." The examination of the numerous authorities cited discloses that numerically the courts of the different states are almost equally divided, with the United States supreme court holding to the rule that the time does not begin to run until the motion for a new trial or rehearing has been ruled upon. Of course, in many of the jurisdic-

City of Lincoln v. First Nat. Bank of Lincoln.

tions referred to the language of the statute has much to
do with the conclusions reached regarding the matter.  In
*Sharp v. Brown, supra,* it is held: "Proceedings in error
in the supreme court may be commenced within one year
from the time the motion for a new trial is overruled."
This language, however, must be understood in the light of
the facts in that case as disclosed by the record, which
shows a trial to the court, the rendition of the judgment,
and thereafter the presentation of the motion for a new
trial, which was not ruled upon for some time yet later.
In the opinion it is said by MAXWELL, C. J.: "In *Hollen-
beck v. Turkington,* 14 Nebr., 430, it was held that the
transcript must be filed within one year from the date of
the judgment, without regard to the time when the motion
for a new trial was overruled, and this ruling is now in-
sisted upon here.  In that case this court cited and ap-
proved that of *Ham v. St. Louis Public Schools,* 34 Mo.,
181.  We are satisfied, however, that both of the cases
cited place too narrow a construction upon the Code, and
this case fairly illustrates the injustice of the rule where
the ruling on both motions seems to have been greatly de-
layed.  We are satisfied that justice will be promoted by
holding that final judgment will date from the time a mo-
tion for a new trial is overruled and final judgment in fact
rendered.  The motion to dismiss, therefore, can not be
sustained."  This authority has since been adhered to as
governing in such cases, and we think it must now be re-
garded as the settled rule in this state.  Under our dual
practice as to review of actions tried in the lower court by
writ of error and by appeal, we have recognized that a dis-
tinction existed as between the two modes of procedure,
holding that in appeal cases in actions in equity the time
begins to run from the date of the rendition and entry of
the final decree or order sought to be reviewed, because in
such actions a motion for a new trial is not essential to
obtain a review of the trial had in the district court on
appeal.  Says NORVAL, J., who wrote the opinion in *Smith
v. Silver,* 58 Nebr., 429, 431, in deciding that an appeal

must be taken within six months from the time of the entry of the decree or final order: "The principle governing *Sharp v. Brown, supra,* is not controlling. A motion for a new trial is indispensable to a review by proceeding in error of the rulings of the trial court made during the progress of a trial, or of any question which is proper to be raised by a motion for a new trial, as that the verdict is contrary to the evidence, and the damages are excessive or inadequate. *Smith v. Spaulding,* 34 Nebr., 128; *Jones v. Hayes,* 36 Nebr., 526; *Miller v. Antelope County,* 35 Nebr., 237; *Zehr v. Miller,* 40 Nebr., 791; *Brown v. Ritner,* 41 Nebr., 52; *Kochler v. Summers,* 42 Nebr., 330; *Losure v. Miller,* 45 Nebr., 465; *Gaughran v. Crosby,* 33 Nebr., 33. But a motion for a new trial is not essential to a review of an equity cause on appeal. *Swansen v. Swansen,* 12 Nebr., 210. In the course of the opinion in the case last mentioned it is said: 'In our dual system of practice, an appeal in actions in equity may be taken to the supreme court from a final decree in the district court, at any time within six months from the rendition of the decree, and no motion for a new trial is necessary, while in actions at law and equity cases, taken on error to the supreme court, a motion for a new trial, containing the errors complained of, must have been filed and acted upon by the trial court.' " In *Snow v. Rich,* 61 Pac. Rep. [Utah], 336, it is held that the judgment is not final while a motion for a new trial made within the time allowed by law is pending and undisposed of, and an appeal taken and perfected within six months from the date of overruling the motion for a new trial is taken in time; citing several prior decisions in support of the rule. Under a statute appearing to be similar to our own, in holding to the rule adopted in this state, it is said by the supreme court of Indiana in *Atkinson v. Williams,* 51 N. E. Rep. [Ind.], 721, 722: "It has been held by this court that an appeal lies within one year after the overruling of a motion for a new trial for cause. *Colchen v. Ninde,* 120 Ind., 88, 22 N. E. Rep., 94. It was so held upon the ground that a motion for a new

trial for cause is not a collateral one, but is directly con-
nected with the judgment, and is essential to present for
review errors occurring on the trial, and until the motion
is overruled there can be no final judgment, within the
meaning of the statute regulating appeals. When judg-
ment is rendered upon the verdict before the motion for a
new trial for cause is filed, as in this case, the final judg-
ment, within the meaning of the statute governing appeals,
is the judgment of the court overruling such motion for a
new trial for cause." To the same effect are *Colchen v.
Ninde,* 22 N. E. Rep. [Ind.], 94; *Moon v. Cline,* 39 N. E.
Rep. [Ind. App.], 432. Speaking to the same point, and
holding to the same rule, the supreme court of Alabama in
*Florence Cotton & Iron Co. v. Field,* 16 So. Rep. [Ala.],
538, 539, says: "The general rule as stated by the text
writers is, that 'a pending motion for a new trial, season-
ably filed, keeps the cause in the trial court, and, so long
as it remains undisposed of, there can be no final judg-
ment, within the meaning of the statute regulating ap-
peals.'" 2 Thompson, Trials, sec. 2730; Hilliard, New
Trials, 59; 16 Am. & Eng. Ency. Law, 638, sec. 7. In
*Walker v. Hale,* 16 Ala., 26, 27, it was said: "A court can
not grant a new trial, after the term is closed, at which the
cause was tried, unless a motion during the term be made,
and for cause continued until the next term; but if the
motion is made, the legal effect of it is to retain the matter
for that purpose, under the control of the court. The
cause is said to be *in fieri,* by reason of the motion; and
the court may make any order afterwards that may be
proper." In support of the same rule may also be cited:
*Kendall v. Lucas County,* 26 Ia., 395; *Mutual Life Ins.
Co. v. Barbour,* 96 Ky., 128; *Succession of Gilmore,*
12 La. Ann., 562. The judiciary act of 1789 (1 U. S.
Statutes at Large, p. 85) provides that an appeal from a
state court to the supreme court of the United States shall
be taken within a certain time "after rendition of the
judgment"; and in *Magraw v. McGlynn,* 32 Cal., 257, it is
held that, if the writ of error is sued out and filed with the

clerk and the proper security given within the time limited from the time a petition for a rehearing is denied, this is sufficient to bring the appeal within the provisions of the statute. In *Aspen Mining and Smelting Co. v. Billings,* 150 U. S., 31, 36, it is said by the United States supreme court with reference to the time in which to bring error proceedings in that court: "The rule is that if a motion or a petition for rehearing is made or presented in season and entertained by the court, the time limited for a writ of error or appeal does not begin to run until the motion or petition is disposed of. Until then the judgment or decree does not take final effect for the purposes of the writ of error or approval,"—citing *Brockett v. Brockett,* 2 How. [U. S.], 238, 249; *Texas & P. R. Co. v. Murphy,* 111 U. S., 488; *Memphis v. Brown,* 94 U. S., 715.

We conclude, therefore, that in a trial of a law action, where judgment is rendered before the motion for a new trial is ruled upon, and the motion is seasonably presented, the time within which error proceedings may be begun commences to run when the ruling is had upon such motion, and that, therefore, the motion to dismiss should be denied.

MOTION OVERRULED.