[S. F. No. 4221. Department Two.—August 2, 1905.]

## CHARLES R. PUCKHABER, Respondent, v. KATE HENRY, Administratrix, Appellant.

APPEAL FROM JUDGMENT—FAILURE TO FILE TRANSCRIPT—DISMISSAL— ORDER GRANTING NEW TRIAL.—An appeal from the judgment will be dismissed for failure to file the transcript within the period limited by the rules of this court. An order granting a new trial does not absolutely vacate the judgment appealed from until such order becomes a finality; and it cannot affect the duty to file the transcript on appeal from the judgment, with diligence, if it is desired to prosecute it in any event.

MOTION to dismiss appeal from a judgment of the Superior Court of the City and County of San Francisco. M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

T. Z. Blakeman, for Appellant.

Mullaney, Grant & Cushing, and Cushing, Grant & Cushing, for Respondent.

HENSHAW, J.—This is a motion to dismiss defendant's appeal from an adverse judgment for her failure to file a transcript within the time limited by the rules of this court. The fact of the failure is admitted. It is sought to excuse it by a showing of the following facts:

Defendant in due time perfected her appeal from the judgment and likewise gave notice of her intention to move for a new trial. The date of filing her transcript in this court was extended from time to time by a stipulation between the par-

ties, and during this period the court heard and granted defendant's motion for a new trial. After the order granting a new trial had been made defendant neither sought for nor obtained any further extension of time for the filing of her transcript, has never filed any transcript, and for a long time has been in default in this regard. Plaintiff in turn duly took his appeal from the order granting the new trial. It is contended by the respondent on this motion that the judgment being vacated by the order in her favor granting the new trial there is no longer any judgment from which she can prosecute her appeal, but, upon the other hand, she insists that she should be protected so that in the event that this court should reverse the order granting the new trial and thus revivify the judgment she may then proceed with her appeal from it. In this contention she is in error. During the time in which an appeal from an order granting a new trial may be taken, and during the pendency of such an appeal, the judgment is not absolutely vacated. It is absolutely vacated only when the order granting a new trial becomes a finality. Certain rights under the judgment are, of course, suspended, but it is still a potential judgment sufficient to support the appeal taken from it. (*Pierce* v. *Birkholm,* 110 Cal. 669, [43 Pac. 205]; *Henry* v. *Merguire,* 111 Cal. 1, [43 Pac. 387].) If an appellant from such a judgment is not satisfied to rest upon the subsequent order which he obtains granting him a new trial, it remains his duty to prosecute his appeal from it with diligence. If, upon the other hand, he is satisfied with the security afforded him by the order granting him a new trial he may submit with complaisance to a dismissal of his appeal from the judgment. It would subject the adverse party to an unjust and unwarranted delay if, as here, after prevailing upon his appeal from the order granting him a new trial, he was still to be confronted with the postponed appeal from the judgment which had been left slumbering to abide the issue of the appeal from the order.

Respondent's delay in filing her transcript standing thus unexcused, it is ordered that her appeal from the judgment be dismissed without prejudice to any of her rights under the order granting her a new trial.

Lorigan, J., and Beatty, C. J., concurred.