Motion to Dismiss Appeal denied March 28, 1911; Renewal of
Motion to Dismiss allowed July 23, Rehearing denied October
1, 1912.

### HAHN *v.* ASTORIA NATIONAL BANK.

(114 Pac. 1134: 125 Pac. 284.)

**Appeal and Error—Time for Appeal—Decree in Equity.**

Under Section 549, L. O. L., authorizing appeal by any party
to a judgment or decree, and Section 550, prescribing the manner
of taking and perfecting the appeal, without distinction as between
judgments and decrees, appeal from a decree as from a judgment
must be within six months of entry thereof, notwithstanding
motion to vacate it.

From Clatsop: JAMES U. CAMPBELL, Judge.

This is a suit by John Hahn against the Astoria
National Bank and J. E. Higgins. From a decree for
defendants, plaintiff appeals. Respondents move to dismiss
appeal. Motion denied, with leave to renew at
the hearing on merits. DENIED.

*Mr. George C. Fulton,* for the motion.

*Mr. William C. Bristol, contra.*

MR. JUSTICE MOORE delivered the opinion of the court.

This is a motion to dismiss an appeal, on the ground
that it was not taken within six months from the time

the decree was rendered. This cause having been tried, the suit was dismissed January 4, 1910, and seven days thereafter plaintiff's counsel moved to set aside the decree. The term at which the suit was dismissed expired by limitation February 12, 1910, without the court hearing the application or making any order continuing it. The motion last mentioned was denied November 25, 1910, and on the 21st of the following month an appeal was taken from such order, and also from the decree. The rule formerly regulating the setting aside of a judgment was, so far as involved herein, as follows:

"The motion shall be heard and determined during the term, unless the court continue the same for advisement or want of time to hear it. When not so heard and determined or continued, it shall be deemed withdrawn and may be disregarded." Section 175, L. O. L.

This statute was amended at the legislative session of 1911 by an act which went into immediate effect, and contains a clause as follows:

"Every appeal heretofore taken within six months from the expiration of the time granted by any circuit court or judge thereof for filing a motion to set aside the verdict and for a new trial, or, if such motion shall have been filed within such time, then within six months from the date of the entry of the order granting or denying such motion shall be, and is, if such appeal is now pending and undetermined in the Supreme Court, hereby validated, and shall be deemed to have been taken within the time required by law; *provided, however,* that nothing herein contained shall be deemed to authorize any appeal to be hereafter taken to the Supreme Court from any judgment of any circuit court granting or denying a motion to set aside the verdict and for a new trial unless such appeal be taken within six months from the date of the original entry of judgment."

Some doubt exists as to whether the original statute or this amendment is applicable to appeals from decrees in

equity, and, such being the case, it is deemed proper to deny the motion for the present, with leave to renew it when the cause is heard on its merits; and it is so ordered.                              .                              DENIED.

Decided July 23, Rehearing denied Oct. 1, 1912.

## RENEWAL OF MOTION TO DISMISS.

(125 Pac. 284.)

MR. JUSTICE BEAN delivered the opinion of the court.

This is a motion to dismiss an appeal for the reason that the same was not taken within six months from the entry of the decree appealed from. Section 550, subd. 5, L. O. L. For a full statement of the case, see *Hahn* v. *Astoria National Bank,* 114 Pac. 1134.

Counsel for plaintiff contends that the time for taking the appeal began to run from the date of the denial of the motion to set aside the decree. This motion was filed seven days after the entry of the decree, but was not acted upon until more than ten months thereafter. Counsel for defendants, in support of their motion, cite and rely upon *Macartney* v. *Shipherd,* 60 Or. 133 (117 Pac. 814), and *Gearin* v. *Portland Ry. L. & P. Co.,* 62 Or. 162 (124 Pac. 256), decided June 11, 1912. In both of these cases it was held that the six months' time for taking an appeal began to run from the date of the entry of the judgment. All questions involved in the case at bar are fully discussed by Mr. Justice BURNETT in the opinions in the above cases. The reasoning therein applies with even greater force to this suit, and the question is a settled one. It is, however, now contended that a different rule should be applied upon an appeal from a decree in an equity suit from that upon an appeal in an action at law.

Section 549, L. O. L., provides that "any party to a judgment or decree other than a judgment or decree given by confession, or for want of an answer, may appeal therefrom." Section 550, L. O. L., prescribes the manner of taking and perfecting the appeal. The application thereof is the same, whether appealing from a decree, or from a judgment in an action at law.

The motion to dismiss this appeal is therefore allowed.

APPEAL DISMISSED: REHEARING DENIED.

---

On Petition for Restraining Order, decided May 14, appeal dismissed on stipulation October 1, 1912.