Submitted on briefs without argument March 25, decided April 8, 1913.
Former opinion modified on rehearing July 8, 1913.

## MILLER *v.* MILLER.

(131 Pac. 308: 133 Pac. 86.)

**Divorce—Alimony—Appeal—Transcript—Contents.**

1. On appeal from an order denying a motion to modify a divorce decree so as to relieve the husband from the payment of alimony, the original complaint, answer, and reply were proper parts of the transcript.

**Divorce—Hearing—Decree.**

2. The court has no jurisdiction to grant a divorce on the pleadings without hearing evidence, and a decree so granted is absolutely void.

**Divorce—Disposition of Property—Validity of Decree.**

3. Conceding that a decree in a divorce proceeding granting alimony to a party in fault is absolutely void, a decree granting a divorce to the husband for the wife's fault, transferring the legal title to certain real estate from the wife to the husband, and requiring the husband to pay the wife $50 a month, although possibly irregular, was not void.

**Divorce—Appeal—Presumptions in Support of Judgment.**

4. Where a decree granting a divorce to the husband transferred the legal title to land from the wife to the husband, and required the husband to pay the wife $50 a month, it would be assumed, where the testimony was not in the record on appeal, that the evidence showed such equities in the realty in favor of the wife as justified the court in decreeing her the sum of $50 a month out of such property.

From Multnomah: HENRY E. McGINN, Judge.

Statement by MR. CHIEF JUSTICE McBRIDE.

Ernest brought suit against Daisy, alleging various acts of cruel and inhuman treatment, including such

matters as threatening to kill him, throwing dishes and glassware at him, striking him with dishes and other articles of household furniture, kicking him on delicate parts of his anatomy, and thereby permanently injuring him, and other desecrations of his manly person, whereby he was permanently injured and his life rendered miserable and unbearable.

Daisy answered, denying the soft impeachments of plaintiff, and alleging that plaintiff had been accustomed to beat, kick, curse, and abuse defendant; that he had spit tobacco juice on her clothing, cursed and abused her; that he had associated with dissolute women, and had thereby contracted a loathsome disease, had become infected with lice and other creeping insects of the louse family, had called defendant all kinds of vile names, and had made a brute of himself generally. Plaintiff replied, denying all the allegations of the answer.

The circuit judge, taking the matter in his own hands, and without hearing any testimony, made a decree upon the complaint, answer and reply, granting plaintiff a divorce and decreeing the property held in the name of defendant to belong to plaintiff, granting plaintiff the custody of the two children of the marriage, and giving defendant alimony at the rate of $50 per month. After paying alimony for a few months, plaintiff refused to pay longer, and applied for a modification of the decree on the ground that Section 513, L. O. L., provides only for the recovery of alimony off of the party in fault, and that, the decree being in his favor, he is not in fault, and that the part of the decree granting alimony is void.          REMANDED.

Submitted on briefs without arguments under the proviso of Rule 18 of the Supreme Court: 56 Or. 622 (117 Pac. xi).

For appellant there was a brief over the names of *Messrs. Flegel & Reynolds.*

For respondent there was a brief over the name of *Mr. John C. Shillock.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. There is some question raised as to the relevancy of the original complaint, answer and reply as a part of the transcript. They are necessary and proper to the determination of this case.

2. The Circuit Court has no jurisdiction to grant a divorce without hearing testimony, and the whole decree is absolutely void.

The cause will be remanded to the Circuit Court with instructions to vacate the original decree, to hear the testimony, and to make a decree in accordance therewith. Neither party will recover costs in this court.                                      REMANDED.

MR. JUSTICE BURNETT delivered the following concurring opinion.

I concur with some reluctance in the result of vacating the original decree and remanding the cause to the Circuit Court, with directions to take testimony at a regular hearing and by that procedure to decide the issues involved. The parts of the decree attacked by plaintiff's motion in the Circuit Court were the ones giving the defendant alimony at $50 per month until further order of court, although the divorce was granted to the plaintiff, and the other making this allowance a lien upon the latter's real property. It would seem, primarily, that a court having jurisdiction of the parties and of the subject as in this case has the power to decide the whole issue, and that the decision, right or wrong, must be respected and obeyed

until set aside upon appeal or by other direct attack. That an appeal will lie even from a void judgment is taught in *Smith* v. *Ellendale Mill Co.,* 4 Or. 70, *Trullenger* v. *Todd,* 5 Or. 36, *Askren* v. *Squire,* 29 Or. 228, (45 Pac. 779), and *O. R. & N. Co.* v. *Eastlack,* 54 Or. 196 (102 Pac. 1011, 20 Ann. Cas. 692).

It is also stated in the chapter of our code on appeals that "a judgment or decree may be reviewed as prescribed in this chapter and not otherwise": Section 548, L. O. L. If the matter were *res nova,* it would logically result that, having allowed his time for appeal to elapse, the plaintiff must abide the consequences of the decree, and cannot "otherwise" review it by his motion in the court below. Such a proceeding is really in effect a motion for new trial, or, rather, an appeal from the Circuit Court to the same Circuit Court, since motions for new trial are not made applicable to suits in equity under our code. We have already decided in *Macartney* v. *Shipherd,* 60 Or. 133 (117 Pac. 814, Ann. Cas. 1913D, 1257), and *Gearin* v. *Portland Ry., L. & P. Co.,* 62 Or. 162 (124 Pac. 256), both actions at law, that a motion to set aside a judgment and to grant a new trial, although undetermined, does not operate to piece out or extend the period of six months after the rendition of judgment within which an appeal may be taken. The same doctrine is applied to suits in equity in *Hahn* v. *Astoria Nat. Bank,* 63 Or. 1 (125 Pac. 284), as against an undetermined motion in the trial court to modify a decree. This court entertained an order denying a motion to vacate that part of a decree in a suit for a divorce granting to one of the litigants in lieu of alimony the exclusive possession of public land upon which the parties had settled with a view of acquiring title, and held that part of the decree to be void. The motion to vacate was not filed until some years after the entry of the original decree. No motion to dis-

miss the appeal was made in that case, and it can be distinguished from the three other decisions above cited only on the ground that in the latter the determination attacked in each was merely erroneous, and not void on its face. If, on the other hand, the part of the decree assailed in *Huffman* v. *Huffman,* 47 Or. 610 (86 Pac. 593, 114 Am. St. Rep. 943), was manifestly void, the court in which it was made could strike it from its records at any time by virtue of its inherent power over its proceedings, independent of statutory provisions about new trial and appeal. See precedents cited in *Huffman* v. *Huffman,* 47 Or. 610 (86 Pac. 593, 114 Am. St. Rep. 943), and *Multnomah County* v. *Portland Cracker Co.,* 49 Or. 345 (90 Pac. 155). *Mansfield* v. *Hill,* 56 Or. 400 (107 Pac. 471, 108 Pac. 1007), decides, also, that periodical payments of alimony, decreed to be made for an indefinite period, do not constitute a lien upon real property of the party required to pay them. Section 513, L. O. L., empowers the trial court to make a decree in a divorce suit "for the recovery of the party in fault such an amount of money, in gross or in installments, as may be just and proper for such party to contribute to the maintenance of the other." If on this appeal we could impute absolute verity to the part of the decree favoring the plaintiff and unquestioned nullity to the portions of which he complains, then, on the ground of *stare decisis* alone, *Mansfield* v. *Hill,* and *Huffman* v. *Huffman, supra,* would be authority for granting his motion according to its own terms, vacating only the specified parts of the decree.

Granting a divorce with an award of real property to the plaintiff and allowing alimony to the defendant are incompatible with each other in point of law, for, if the plaintiff is in fault, he would not be entitled to a decree at all, and it is only against a party in fault that alimony may be decreed. As there is no testi-

mony or even finding of fact reported to us, there is nothing in the record by which that incompatibility can be solved. On the data before us it cannot be determined whether it was just to award the divorce to the plaintiff or right to allow alimony to the defendant. It cannot be said on the record here that one part of the decree is void because the other part is in existence.

Under the conditions disclosed, it would be contrary to natural justice and equity for the plaintiff to avail himself of that part of the decree taking from the defendant a large amount of property, without complying with the other part requiring him to pay her alimony; and hence the whole decree ought to fall on his application to be relieved of part of it. I therefore concur in the result.                REMANDED.

Decided July 8, 1913.

ON REHEARING.

(133 Pac. 86.)

Opinion by MR. CHIEF JUSTICE MCBRIDE.

3. Upon filing their petition for rehearing therein, plaintiff, to supply omission in the transcript, obtained leave to have filed in this court the findings made by the court below, which findings recite the fact that testimony was actually taken on the trial. Assuming this recitation to be correct, the court had jurisdiction to grant the divorce. It may be conceded for the purposes of this case that a decree in a divorce proceeding granting alimony to a party in fault is absolutely void; but that question is not involved here. It appears from the transcript that several pieces of real estate were held in the name of the defendant, and that the court after, as we must assume, hearing all the evidence and weighing the equities between the

parties, came to the conclusion that a fair and equitable settlement of property rights would be to transfer the legal title of the property from the defendant to plaintiff, and to require plaintiff to pay defendant $50 per month as her rightful income from such property. Such a decree might be irregular, but it is not void; and, if plaintiff was not satisfied with it, he should have appealed, and not resorted to the pretext of waiting until the time for appeal had expired, and then seeking to hold the benefits of the decree so far as it is in his favor and repudiating that part which is to his disadvantage.

4. Following the line of argument found in the briefs of both parties, we assumed in our former opinion that the sum of $50 a month decreed to defendant was alimony pure and simple; but in view of the fact that she held the legal title to a large quantity of real estate of which she was divested by the decree, and in view of the further fact that the court declared the sum of $50 a month a lien on the said property, the testimony not being before us, we will make every intendment in favor of the decree, and therefore assume that the evidence which seems to have been adduced in the Circuit Court showed such equities in favor of defendant in the realty held by her as justified the court in decreeing to her the sum of $50 a month out of the property to which she held the legal title.

The order of the Circuit Court is therefore affirmed, and our former opinion in so far as it directed the retrial of the case is modified. The defendant will recover costs and disbursements in the Circuit Court and in this court.

AFFIRMED: FORMER OPINION MODIFIED.