A judgment is not final, for the purposes of an appeal, so long as there is pending a motion for a new trial and a motion to amend the judgment. (McClellan v. Wood, 78 Fla. 407, *Page 532 83 So. 295; Woodward Iron Co. v. Brown 167 Ala. 316,52 So. 829; Hosking v. Southern P. Co., 243 Ill. 320,90 N.E. 669; Watson v. Mayberry, 15 Utah, 265, 49 P. 479;Snow v. Rich, 22 Utah, 123, 61 P. 336; Everett v.Jones, 32 Utah, 489, 91 P. 360; Stoll v. Daly Mining Co.,19 Utah, 271, 57 P. 295; Bear River Valley Orchard Co. v.Hanley, 15 Utah, 506, 50 P. 611; Oldroyd v. McCrea,65 Utah, 142, 40 A.L.R. 230, 235 P. 580; City of Lincoln v.First Nat. Bank, 64 Neb. 725, 90 N.W. 874; New York etc. Ry.Co. v. Doane, 105 Ind. 92, 4 N.E. 419; Bryan v. InspirationConsolidated Copper Co., 27 Ariz. 188, 231 P. 1091; Inman v.City of Seattle, 86 Wn. 603, 150 P. 1055; Gross v.Wilds, 21 Ga. App. 620, 94 S.E. 812; Durrence v. Waters,140 Ga. 762, 79 S.E. 841; Grasser v. Blank, 110 La. 493,34 So. 648; State ex rel. Scott v. Court, 104 Mo. 419,16 S.W. 415; State Bank v. Mortensen, 66 Utah, 290,241 P. 1055; Childers v. Samoset C. Mills, 213 Ala. 292, 104 So. 641; Wallace v. Follmar Sons (Ala.), 110 So. 402;Reese v. Fife (Mo.), 279 S.W. 415; United States ShippingBoard etc. Corp. v. Galveston Dry Dock Const. Co.,13 Fed. 2d 607; Davis v. Livingston, 13 F.2d 605; Morse v.United States, 270 U.S. 151, 70 L.Ed. 518,46 Sup. Ct. Rep. 241.)
We contend that the appeal from the judgment was taken too late. (Jarrett v. Hart, 54 Mont. 50, 167 P. 695;Lindeberg v. Howe, 67 Mont. 195, 215 P. 230; Hodson v.O'Keeffe, 71 Mont. 322, 229 P. 722; Arnold v. Sinclair,11 Mont. 556, 28 Am. St. Rep. 489, 29 P. 340; State v.Kennie, 24 Mont. 45, 50, 60 P. 589; Holter Lumber Co. v.Fireman's Fund Ins. Co., 18 Mont. 282, 45 P. 207; Butte B.Consol. Min. Co. v. Montana Ore Purchasing Co., 27 Mont. 152, *Page 533 
69 P. 714; State ex rel. Heinze v. District Court, 28 Mont. 227,72 P. 613; Security Trust Savings Bank v. Reser,58 Mont. 501, 193 P. 532; Coon v. Grand Lodge, 76 Cal. 354,18 P. 384; Dooling v. Moore, 20 Cal. 141; Hoppin v. Long,74 Mont. 558, 241 P. 636; City of New York etc. Ry. Co. v.Doane, 105 Ind. 92, 4 N.E. 419; Griswold v. Ryan, 2 Mont. 47.)
The case of Romero v. McIntosh, 19 N.M. 612, 145 P. 254, departing from the above authorities, may be said to have the sanction of the larger number of American appellate courts, though the rule is severely criticised as one growing out of judicial legislation and is not followed by all American jurisdictions. Those departing from this rule and holding that the time is to be computed from the actual rendition or entry of judgment or decree without regard to the fact that a motion for new trial or rehearing is pending, as evidenced by, at least, a partial list of the cases so holding, are: California, Colorado, Oregon, Michigan, Ohio, Oklahoma and Texas. (See Bornheimer v.Baldwin, 42 Cal. 31; Brooks v. San Francisco, etc.,110 Cal. 173, 42 P. 570; Henry v. Merguire, 111 Cal. 1,43 P. 387; Houser Haines Mfg. Co. v. Hargrove, 129 Cal. 90,61 P. 660; Puckhaber v. Henry, 147 Cal. 424, 81 P. 1105;Freas v. Townsend, 1 Colo. 86; Slattery v. Robinson,7 Colo. App. 22, 42 P. 179; Burchinell v. Bennett,10 Colo. App. 150, 50 P. 206; Hill v. Hill, 114 Mich. 599,72 N.W. 597; Selig v. Akron Hydraulic Pressed Brick Co., 10 Ohio C.D. 535, 19 Ohio C.C. 633; Brown v. Coal Co., 48 Ohio St. 542,28 N.E. 669; Dowty v. Pepple, 58 Ohio St. 395, 50 N.E. 923;Cooper v. Yoakum, 91 Tex. 391, 43 S.W. 871; Doorley v.Buford George Mfg. Co., 5 Okla. 594, 49 P. 936; Manes v.Hoss, 28 Okla. 489, 114 P. 698; Lee v. Summers,36 Okla. 784, 130 P. 268; McCartney v. Shipherd, 60 Or. 133, Ann. Cas. 1913d 1257, 117 P. 814; Gearin v. Portland Ry.,62 Or. 162, 124 P. 258; Hahn v. Astoria Nat. Bank, 63 Or. 1,114 P. 1134, 125 P. 284; Miller v. Miller, 65 Or. 551,131 P. 308, 133 P. 86.) *Page 534 
On September 29, 1925, the plaintiff, Josephine Kline, commenced action against James E. Murray, Marcus M. Murray, personally and as administrator of the estate of May A. Murray deceased and James McClarty, sheriff of Park county for damages for alleged false imprisonment. Issue was joined and the cause came on for trial before the court and jury on April 27, 1926. At the close of plaintiff's case the court granted a nonsuit as to Marcus M. Murray, personally and as administrator and denied a like motion as to the remaining defendants, with the privilege of renewal at the close of all of the testimony. Both parties having finally rested, the defendants made separate motions for a directed verdict, whereupon the court stated: "I never directed a jury to return a verdict in my life. My judgment may not be their judgment, and the responsibility in this particular case is for the court, and the court is willing to assume it. I will sustain your motion for a nonsuit, or if you prefer a different motion at this time, such as a dismissal of the action for insufficiency of the evidence, I will sustain it." The defendants then made separate motions for dismissal on the ground suggested, and each motion was sustained. On April 29, 1926, judgment was entered, and therein it was recited that the action was dismissed "on the merits," and notice of entry was duly served on May 12 following. On May 21 plaintiff served and filed her motion to strike the phrase "on the merits" from the judgment, and a motion for a new trial, and thereupon filed an affidavit of disqualification against the judge who tried the case. Owing to this latter action, considerable delay ensued and the motions were not disposed of until December 27, 1926. Plaintiff was thereafter granted additional time in which to prepare a bill of exceptions, and on January 21, 1927, the bill was served and service accepted by counsel for defendants "without waiving objection that it is too late to appeal or to *Page 535 
settle a bill of exceptions." The bill was settled over the objection of the defendants and exception thereto noted. No notice of appeal was given until February 18, 1927, when a notice, reciting that the plaintiff appeals from the "final" judgment entered April 29, 1926, from the judgment or order overruling the motion for a new trial, and from "the special order made after final judgment" denying plaintiff's motion to amend the judgment, was served and filed.
The first question to be considered is as to whether this court has jurisdiction to determine the matters presented by the appeals thus attempted to be perfected.
1. Was the filing of the notice of appeal and bond sufficient[1] to confer jurisdiction upon this court to determine the questions presented on an appeal from the judgment, when it appears therefrom that nearly ten months elapsed between the entry of judgment and such filing?
The right to an appeal in law cases did not exist at common law; it is a remedy which, in the absence of constitutional restrictions, the legislature may grant or take away, in its discretion, and as to which it may prescribe such restrictions and limitations as it sees fit. (2 R.C.L. 26; State v. Black,15 Mont. 143, 38 P. 674.)
Our Constitution (Art. VIII, secs. 2, 3 and 15) grants to this court appellate jurisdiction, to be exercised under "such limitations and regulations as may be prescribed by law," and under this constitutional provision and to the end that litigation shall not be unduly prolonged our legislature has wisely granted the right to appeal "from a final judgment within six months after the entry of judgment." (Sec. 9732, Rev. Codes 1921, amended by Chapter 39, Laws 1925; State Bank of New Salem
v. Schultze, 63 Mont. 410, 209 P. 599.) The period thus fixed is an express and peremptory limitation of time within which the right given by statute must be exercised (Bornheimer v.Baldwin, 42 Cal. 27) or this court acquires no jurisdiction in the matter (Emerson v. McNair, 28 Mont. 578, 73 P. 121;Butte Mining Milling Co. *Page 536 
v. Kenyon, 30 Mont. 314, 76 P. 696, 77 P. 319; Lindeberg
v. Howe, 67 Mont. 195, 215 P. 230; Hodson v. O'Keeffe,71 Mont. 322, 229 P. 722).
It is therefore apparent that the appeal from the judgment must be dismissed, unless we hold that the judgment entered was not a final judgment at the time of its entry and did not become final until the trial court had disposed of the motions for a new trial and a modification of the judgment.
2. On the effect of a motion for a new trial, or for a rehearing, on the statute limiting the time within which an appeal may be taken from a final judgment there are two diametrically opposite rules in existence in the United States.
(a) Where the motion for a new trial or for a rehearing is seasonably made and was necessary to the consideration in the appellate court of the questions involved in the appeal, the time is to be computed from the date of the denial of the motion; and (b) as the legislature has seen fit to fix an express and peremptory limitation upon the time within which an appeal may be taken, it has no flexibility and cannot be varied by extrinsic circumstances, but in all cases, regardless of what takes place after the entry of judgment, the statute begins to run from the date of entry. We have not attempted to determine which rule prevails in each of the states, nor on which side lies the numerical weight of authority. The first rule seems to have been adopted in Alabama, Arizona, Florida, Georgia, Illinois, Indiana, Louisiana, Kentucky, New Mexico, Nebraska, Utah and Washington, while the second prevails in California, Colorado, Iowa, North Dakota, Michigan, Ohio, Oklahoma, Oregon, Kansas, Wyoming and Texas.
In the Nebraska case of City of Lincoln v. First Nat.Bank, 64 Neb. 725, 90 N.W. 874, it is said that "numerically the courts of the different states are almost equally divided," adding, "of course, in many of the jurisdictions referred to the language of the statute has much to do with the conclusions reached regarding the matter"; and in Romero v. McIntosh,19 N.M. 612, 145 P. 254, the court said that the larger number *Page 537 
of American appellate courts have given sanction to the first rule, but that it was idle to give lengthy consideration to the reasoning of the several courts, as the rule "should be, and generally has been considered, dependent upon statutory provisions of the different jurisdictions."
The reason generally urged by those courts adopting the first rule is that the character of finality does not attach to the judgment until the motion for a new trial or a rehearing is disposed of, and, in the Indiana case of New York Ry. Co. v.Doane, 105 Ind. 92, 4 N.E. 419, and certain of the other decisions so holding, this conclusion is reached by declaring that a motion for a new trial is not a collateral one, but is directly connected with the judgment, and an appeal from the judgment would oust the trial court of jurisdiction and prevent a ruling on the motion. This reasoning is not pursuasive with us, as we have followed the California court in declaring that: "Proceedings on a motion for a new trial are not in direct line of the judgment, but are independent and collateral thereto. Therefore, an appeal from the judgment does not divest the trial court of jurisdiction to hear and determine a motion for a new trial." (Hoppin v. Long, 74 Mont. 558, 241 P. 636.)
Many of the cases in which the first rule is declared were decided under the practice of moving for a new trial before the entry of judgment, and in Illinois it is declared that a motion for a new trial made after the entry of judgment will not suspend the judgment pending a ruling on the motion. (People v. Gary,105 Ill. 264; Hearson v. Graudine, 87 Ill. 115.)
3. As the provision of section 9732 above is for appeal from a[2-5] "final judgment" within six months after its entry, it becomes material to determine what is meant by the term "final judgment."
Section 9313, Revised Codes of 1921, defines a judgment as "the final determination of the rights of the parties in an action or proceeding." Decrees in equity are judgments *Page 538 
within the meaning of this section (Raymond v. Blancgrass,36 Mont. 449, 15 L.R.A. (n.s.) 976, 93 P. 648; State ex rel.Happel v. District Court, 38 Mont. 166, 129 Am. St. Rep. 636, 35 L.R.A. (n.s.) 1098, 99 P. 291), and when a decree (or judgment) has been entered and no further questions can come before the court except such as are necessary for carrying it into effect, it is "final," within the meaning of the Code (Arnold v. Sinclair, 11 Mont. 556, 28 Am. St. Rep. 489, 29 P. 340; Bryant v. Davis, 22 Mont. 534, 57 P. 143). The dismissal of an action, the granting of judgment of nonsuit constitute "final" judgments. (Holter Lumber Co. v. Fireman'sFund Ins. Co., 18 Mont. 282, 45 P. 207.) "Final judgment means the finish of judicial labor, pronouncement of the ultimate conclusion of the court upon the case and a direction to the clerk to enter judgment." (In re Kelly's Estate, 31 Mont. 356,78 P. 579.)
"A final judgment is not necessarily the last one in an action. A judgment that is conclusive of any question in a case is final as to that question. The Code provides for an appeal from a final judgment, not from the final judgment in an action." (State ex rel. Heinze v. District Court, 28 Mont. 227,72 P. 613.) When a court has once rendered the judgment as intended by it, it becomes "final" and must stand until it has been modified, revised or set aside in some manner provided by statute. (State ex rel. Smith v. District Court, 55 Mont. 602,179 P. 831.)
It is therefore apparent that, under our Codes, the judgment[6] of the trial court disposing of the questions presented on the trial and leaving nothing to be done except to take such steps as are necessary to carry the judgment into effect, it is the "final" judgment from which the legislature has granted the right to appeal and nothing done thereafter can deprive such judgment of its character of finality, so long as it remains unaffected by the further order of the trial court or the appellate court in proceedings authorized by statute. Pending a motion for a new trial or an appeal from an *Page 539 
order granting a new trial, an appeal will lie from the final judgment in the action, and the pendency of such matters neither vacate the judgment nor extends the time within which an appeal may be taken from the final judgment. (Henry v. Merguire,111 Cal. 1, 43 P. 387; Puckhaber v. Henry, 147 Cal. 424,81 P. 1105; Slattery v. Robinson, 7 Colo. App. 22,42 P. 179; Cox v. American Express Co., 147 Iowa, 137,124 N.W. 202; Travelers' Ins. Co. v. Weber, 2 N.D. 239, 50 N.W. 703;Hill v. Hill, 114 Mich. 599, 72 N.W. 597; Dowty v.Pepple, 58 Ohio St. 395, 50 N.E. 923; Lee v. Summers,36 Okla. 784, 130 P. 268; Hahn v. Astoria National Bank, 63 Or. 1,114 P. 1134, 125 P. 284; Macartney v. Shipherd, 60 Or. 133, Ann. Cas. 1913d 1257, 117 P. 814; Cooper v. Yoakum,91 Tex. 391, 43 S.W. 871.)
It is held in California that a motion for a new trial may even be granted after the judgment has been affirmed on appeal. (Brison v. Brison, 90 Cal. 323, 27 P. 186; Water Co. v.Gage, 108 Cal. 243, 41 P. 299.)
This opinion was forecasted in Griswold v. Ryan, 2 Mont. 47, wherein it was held that leave to move for a rehearing in the district court "does not disturb the final character of the judgment," and that the filing of such a motion did not prolong the time in which to appeal from the judgment.
4. We have heretofore discussed only the effect of a motion for a new trial and the cases cited deal with such a motion and motions for a rehearing, but the same rule applies to the motion to modify the judgment. (Russell v. First Nat. Bank,65 Iowa, 242, 21 N.W. 585; Besser v. Alpena Circuit Judge, 155 Mich. 631,119 N.W. 902; Travelers' Ins. Co. v. Mayer, 2 N.D. 234,50 N.W. 706.) In Russell v. Bank the court declared that a litigant cannot evade the express requirement of the statute by a motion to vacate or modify the judgment. In Buckley v.Sutton, 38 Mich. 1, it is said that "to hold otherwise would be to defeat the statute and enable anyone to gain time by sham proceedings." *Page 540 
Whatever may be the statutory provisions in jurisdictions holding to the first rule above referred to, our legislature has declared in plain and understandable language that a party may appeal within six months after the entry of final judgment, and to now hold that any motion made after the entry of such a judgment tolls the statute would be attempted judicial legislation. If the statutory requirement causes embarrassment to the profession, the relief must be sought at the hands of the law-making body of the state. (Gearin v. Portland Ry. etc.Co., 62 Or. 162, 124 P. 258.) The appeal from the judgment must be dismissed.
5. It will be noted that plaintiff has attempted to appeal[7] from the order denying her a new trial in face of the fact that such an appeal has been done away with in this state. (Hoppin v. Long, above.) Counsel contends that Chapter 225, Laws of 1921, now section 9745, Revised Codes of 1921, abolishing such an appeal, is void as violative of section 23 of Article V of our Constitution. The title to the Act challenged is "an Act for the general revision of the Civil and Criminal Practice Acts, * * * relating to exceptions, bills of exceptions, new trials and appeals, * * *" amending certain sections and repealing certain sections.
Section 23, Article V, of the Constitution provides, in effect, that if an Act shall contain any subject not embraced in the title thereto, it shall be void as to that subject. The title of the Act in question sufficiently advised the members of the legislature and the people generally that it was intended thereby to revise the law relating both to "new trials" and "appeals," and was sufficient, without enumerating the sections to be amended or repealed, to meet the well-known purpose of the limitation placed on the law-making body by the Constitution. (In re Ryan, 20 Mont. 64, 50 P. 129; State ex rel. Hay v.Alderson, 49 Mont. 387, Ann. Cas. 1916B, 39, 142 P. 210;State ex rel. Foot v. Burr, 73 Mont. 586, 238 P. 585.)
The appeal from the order denying plaintiff a new trial must therefore be dismissed. *Page 541 
As to the attempted appeal from the order denying plaintiff's motion to amend the judgment by striking out the phrase, "on the merits," the appeal was timely, if such an appeal lies to this court. (Sec. 9732, above.)
However, whether right or wrong, the trial court declared the[8] judgment to be "on the merits" as its decision on the question; the phrase did not creep into the judgment by accident or mistake, and the court was powerless thereafter to strike out the phrase. Courts have power to amend judgments to the end that they will express what the court actually decided (Power Bro.
v. Turner, 37 Mont. 521, 97 P. 950), but errors into which the court itself falls can be corrected only by motion for a new trial or by appeal. The reason for the rule is manifest. If, upon the application of one party, the court could change its judgment to the prejudice of the other, it could thereafter, on application of the latter, again change the judgment and continue this practice indefinitely. (Merhar v. Powers, 73 Mont. 451,236 P. 1076.) The only method by which the alleged error in the judgment could be corrected was on appeal from the judgment; as that appeal was not taken within time, the attempted appeal from the order is ineffectual.
We may say, in passing, that as the court denied defendants' motion for nonsuit and dismissed the action only after hearing all of the evidence, and the defendants only moved for dismissal after the court, for personal reasons, refused to entertain a motion for a directed verdict, to all intents and purposes the dismissal was upon a directed verdict and, therefore, "on the merits" in fact as well as by declaration of the court.
For the reasons stated, the judgment must be affirmed.
Affirmed.
MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and GALEN concur.
Rehearing denied July 7, 1927. *Page 542