## MINKKINEN v. QUINCY MINING CO.

1. NEW TRIAL—APPEAL AND ERROR—MOTIONS.
    In the absence of statutory authority, a motion for a new trial addresses itself to the sound discretion of the trial court, and the ruling is not the subject of appellate review.

2. APPEAL AND ERROR—NEW TRIAL—DENIAL AFTER DECISION ON ERROR.
    After the affirmance of a judgment on writ of error, a subsequent writ does not lie to review the denial of a motion for a new trial under the statute authorizing the review of such determination. 3 Comp. Laws, § 10504.

3. SAME—JUDGMENT.
    Such denial is not a final adjudication and is a discretionary order, which before the enactment of the statute could be reviewed only on mandamus.

4. SAME—STATUTES.
    The statute does not enlarge the time for suing out a writ of error.

Error to Houghton; Flannigan, J. Submitted October 2, 1912. (Calendar No. 25,313.) Decided October 7, 1912.

Case by Nick Minkkinen against the Quincy Mining Company for personal injuries. An order denying defendant's motion for a new trial is reviewed by defendant. on writ of error. On motion to dismiss. Writ dismissed.

*Burritt & Burritt,* for the motion.

*Hanchette & Lawton, contra.*

KUHN, J. The plaintiff herein has made a motion to dismiss the writ of error in this cause. Judgment was rendered on June 23, 1910. A writ of error was thereafter issued out of this court, and the judgment was affirmed in the case of *Minkkinen* v. *Quincy Mining Co.,* 169 Mich. 279 (135 N. W. 449). On the 5th day of June, 1912, the defendant made another motion for a new trial upon grounds, set forth therein, which motion was denied by the trial judge upon the merits. The defendant now seeks to review said decision in denying such motion for a new trial, and, for that purpose, has sued out a writ of error from this court. The sole question presented to us is whether a writ of error will lie to review the determination of the trial judge in denying the motion for a new trial upon the merits after the affirmance of the cause in this court.

At common law a motion for a new trial was addressed to the sound, legal discretion of the trial court, and its decision was not the subject of review, in the absence of a statute.

Section 10492, 3 Comp. Laws (5 How. Stat. [2d·Ed.] § 14107), provides that—

"All writs of error upon any judgment or final determination, rendered in any cause, in any court of law and of record in this State, shall be brought," etc.

Is the denial of a motion for a new trial upon its merits, made after remittitur is filed with the lower court, a final determination within the meaning of said section? We think not, and, in a similar case under an Ohio statute, the court says:

"Error lies to the judgment, but not to the decision of the motion; though that decision may be made a ground for the reversal of the judgment. It has long been settled in this State that 'an order of the court granting or overruling a motion to set aside the verdict of a jury and grant a new trial, is not a final judgment or order, for the reversal of which error can be prosecuted before the final disposition of the case.' *Conord* v. *Runnels*, 23 Ohio St. 601. Such a motion, it is held in that case, is addressed to the sound discretion of the court. If granted, it does not determine the action, but merely compels the parties to retry their case before the same tribunal; and if overruled, it simply permits the determination of the action already reached to stand. It may be said that sustaining the motion has the effect of preventing a judgment in favor of the successful party at the trial, and affects a substantial right of his by subjecting him to the costs and uncertainties of another trial, and it undoubtedly does temporarily prevent final judgment, but not eventually; and the cost and uncertainties of another trial is the result of some error which the court in the exercise of its discretion deems sufficient to warrant it. And so, if the motion be overruled, the unsuccessful party must incur the expense of a proceeding in error, if he is dissatisfied with the result; but neither the overruling nor sustaining of the motion is, within the meaning of the code, such final order as may, itself, be the foundation of a proceeding in error." *Young* v. *Shallenberger*, 53 Ohio St. 291 (41 N. E. 518).

Prior to the statute of 1893, being section 10504, 3 Comp. Laws, the granting or denial of a new trial could only be reviewed by mandamus. *Churchill* v. *Alpena Circuit Judge*, 56 Mich. 536 (23 N. W. 211). This statute provides—

"That in all cases hereafter taken to the Supreme Court on writ of error or appeal, where a motion for a new trial has been previously refused by the trial judge, the party appealing the same may incorporate in the bill of exceptions a record of all proceedings had on said motion for a new trial, including the reasons given by the trial judge in refusing to grant said new trial. Exceptions may be taken and error assigned on the decision of the circuit judge

in refusing such motion, and the same shall be reviewed by the Supreme Court."

This court has held that this section did not apply where the motion was decided and the writ of error issued before the act took effect (*Gemberling* v. *Lazarus*, 100 Mich. 324 [58 N. W. 1005]); nor does it enlarge the time provided for suing out a writ of error. *Hill* v. *Hill*, 114 Mich. 599 (72 N. W. 597). Clearly, from the language of the statute, the condition precedent upon which the decision of a trial judge refusing a new trial can be reviewed is that a motion for a new trial shall be refused previous to the issuing out of a writ of error or appeal.

The trial judge having exercised his sound, legal discretion in denying the motion for a new trial upon its merits, in the absence of express statutory authority, his action is not subject to review by a writ of error; and the motion is therefore granted, and the writ is dismissed, with costs.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.