SNOWDEN v. DETROIT & MACKINAC RAILWAY CO.

1. MASTER AND SERVANT—RAILROADS—STATUTES—RES JUDICATA.
   In an action against a railroad corporation for the death of its servant in the pumping plant of defendant, *Snowden* v. *Railway Co.*, 187 Mich. 140 (153 N. W. 682), which decided that the statute relied on in one count would not warrant a recovery, as the premises were not included in the language of the statute, did not preclude a new trial, on motion, under a common law count that was originally included in the declaration.

2. EVIDENCE—METHOD OF OPERATION.
   Testimony showing how the decedent operated the machine, in the gearing of which he was caught and injured, in conjunction with other proofs that he regularly started the machine in the same manner, was properly admitted by the trial court.

3. SAME—WITNESSES—CONDITION.
   Nor was it improper to permit a witness to testify to the condition of the machine in the afternoon, where there was evidence by another witness to show that it appeared that way in the morning immediately after the accident.

4. SAME—WITNESSES—CROSS-EXAMINATION.
   Testimony showing that numerous similar machines were in general use at the time of the accident, given by a witness for defendant, who attempted to establish that the machines were safe, etc., justified the trial court in permitting cross-examination to show that the other machines were differently guarded and otherwise had differences in construction.

5. TRIAL—CHARGE—NEW TRIAL. .
   On the return of a jury to the court room because they were unable to reach an agreement, instructions of the court that the case had cost the county and the parties a lot of money and that the members of the jury ought to reach an agreement, without violating their consciences, and that there were other cases to try and the expense ought to stop, etc., while open to criticism as emphasizing

too strongly the matter of expense, *held*, not to have caused a miscarriage of justice.

Error to Cheboygan; Shepherd, J. Submitted October 3, 1916. (Docket No. 26.) Decided December 21, 1916.

Case by Ellen Snowden, as administratrix of the estate of John Snowden, deceased, against the Detroit & Mackinac Railway Company for the unlawful killing of plaintiff's intestate. Judgment for plaintiff. Defendant brings error. Affirmed.

*Henry & Henry* (*James McNamara*, of counsel), for appellant.

*Victor D. Sprague* and *Homer H. Quay*, for appellee.

KUHN, J. It was decided in *Snowden v. Railway Co.*, 187 Mich. 140 (153 N. W. 682), by the majority of the court, that the judgment for the plaintiff obtained on the first trial of the case should be reversed and a new trial granted. The opinion written by Mr. Justice BIRD for affirmance contains a statement of the facts sufficient for a proper understanding of the issues involved.

The plaintiff declared under the common law on the failure of the defendant to furnish the deceased with a place and machinery reasonably safe in which and with which to work, and also upon the statute for failure to guard gears as provided for by section 15, Act No. 285, Pub. Acts 1909 (2 Comp. Laws 1915, § 5336). On the first trial, the circuit judge submitted the case to the jury under the statutory count only and withdrew the common-law count, to which attorneys for the plaintiff took exception, and apparently no reason for this action of the court appears in the record. By the majority decision of this court it was held that the statute covering gearings did not apply, and, the

judgment being based solely upon the statutory count, the case was reversed and a new trial granted. On the new trial the question of the common-law liability of the defendant was submitted to the jury and resulted in a verdict for the plaintiff in the sum of $1,400. It should also be stated that, after the decision of this court and before the new trial, a motion for a new trial on the common-law count was made, based, among other things, upon newly discovered evidence and was granted by the trial judge.

It is now urged that, no appeal having been taken from the action of the trial court in ruling that the plaintiff could not recover on the common-law count, it was a matter which was *res adjudicata,* and that when the case was sent back by this court for a new trial there was nothing to be tried.

Irrespective of whether the decision of this court did or did not open the question, there is no doubt in our minds that a motion for a new trial on the common-law count, after the decision of this court, was a proper proceeding, and, having been granted by the trial court, the question clearly was an open one. See *Minkkinon* v. *Mining Co.,* 172 Mich. 404 (137 N. W. 716).

Various assignments of error relate to the testimony of witnesses who described how plaintiff's intestate operated the machine on which he was injured prior to the accident. It appeared from the testimony of the witness Parker that deceased started the machine the same way every time he saw him start it, and he then proceeded to describe the way in which he started it. We see no prejudicial error in allowing this testimony to stand.

Witness Le Graff was allowed to testify as to the condition of the machine in the afternoon after the accident, in that he found a portion of the deceased's clothing in the clutch. It is urged that this is error,

because it was not shown that the situation had remained unchanged from the time of the accident until the subsequent time referred to by the witness. This identical condition was testified to by other witnesses who saw it in the forenoon immediately after the accident, and we are of the opinion that this was sufficient proof to show that there was no change in the condition and warranted the admission of Le Graff's testimony.

The testimony of witness Taylor, a representative of the Fairbanks Morse Company, was taken in Chicago before the trial on behalf of the defendant. It was attempted by his testimony to show that the machine in question was in common and general use at the time of the accident, that the company by whom he was employed had sold this machine to the defendant on August 24, 1899, and that up to the 29th day of October, 1912, the day of the accident, approximately 2,200 machines had been placed upon the market. On cross-examination counsel for plaintiff brought out from the witness the fact that of these 2,200 machines a great number were of different construction; that is to say, they had an entirely different clutch and had guards. Error is assigned because the evidence concerning these other machines, showing that they had different guards than the machine in question, was admitted over objection; but we see no merit in this contention. The cross-examination was proper in view of defendant's claims.

Another assignment of error which merits attention relates to the charge of the court. The learned trial judge charged the jury at about the noon hour on a Friday, and they remained out considering the verdict all the remainder of that day, Friday night, all day Saturday, and until a short time before midnight. At this time the jury announced that they were unable to agree, and the court thereupon reminded them of the cost of the trials to the county, and further said:

"Besides what it has cost the county, it has cost the parties to the case a lot of money. I have not kept you out lightly, gentlemen, nor without considering the matter; but I hope you will bear this in mind and see if you cannot reach some conclusion without violating your conscience. Just stop and ask yourself if you are not acting just a little bit arbitrary. Now, I do not know anything about how you stand—anything about it at all. See if you cannot conscientiously give up something to the other side and reach a conclusion. Law business has to be done. There are other cases to try, and this expense ought to stop some time. I dislike awfully to send you back, but under the circumstances of the case I am afraid I will have to do it. I will wait here a little while, gentlemen, in the hopes that you will agree. You may retire."

It is insisted that these remarks may have wrongfully constrained some juryman to have changed his judgment to the prejudice of the defendant. In a motion for a new trial based on this ground, the plaintiff, in opposition to the motion, produced the affidavits of the twelve jurymen in which they stated that the verdict that they arrived at was not from any understanding of a compulsion to do so, but that it was the individual and collective judgment of each and every one of them, freely, voluntarily, and conscientiously given. We are of the opinion that the emphasizing of the charge of the court of the expenses of litigation is not a practice to be commended, because such expenses should not be a determining or influencing factor in the decision of the rights of the litigants. However, in view of the size of this verdict, even if it should be considered prejudicial error, we do not believe that it can be said that it was made to affirmatively appear that what was said in the charge resulted in miscarriage of justice. Section 28, chap. 50, of the judicature act; Act No. 314, Pub. Acts 1915 (3 Comp. Laws 1915, § 13763).

Other assignments of error not herein particularly discussed have been found to be without merit.

The judgment is therefore affirmed.

STONE, C. J., and OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.