RUSSELL ET AL. v. THE FIRST NATIONAL BANK OF RED OAK.

1. **Appeal to Supreme Court:** FACTS NOT WARRANTING: ALLOW-
ANCE TO RECEIVER. Where the court, by agreement of the parties,
had made an allowance of compensation to a receiver, but no appeal
was taken from the order of allowance, and, more than six months
after the order was made, one of the parties moved the court to set
aside and vacate the order, which motion the court overruled, *held* that,
while the allowance was excessive, yet the remedy for the one aggrieved
thereby was by appealing from the order of allowance within the time
prescribed by statute, and that no appeal to this court from the order
overruling the motion to vacate could be entertained.

*Appeal from Montgomery District Court.*

SATURDAY DECEMBER 6.

This is an appeal from an order overruling an application
to set aside and vacate an allowance to a receiver previously
made in the court below.

*John Y. Stone* and *P. P. Kelley*, for appellants.

*Smith McPherson* and *W. S. Strawn*, for appellee.

ROTHROCK, CH. J.—It appears from the record in the case
that prior to the ninth of November, 1882, Russell & Co. had
been engaged as merchants in the boot and shoe business; that
they had given certain chattel mortgages upon their stock in
trade.   One of these mortgages was held by the defendant, and
other mortgages were held by the plaintiffs and other parties.
The defendant was proceeding to foreclose its mortgage upon
the stock of goods, and the plaintiffs and other mortgagees
commenced actions to restrain the foreclosure.   Temporary in-
junctions were granted, and other creditors intervened in the
actions.   On the ninth day of November, 1882, all the
parties being before the court, it was agreed between them
that the sheriff should proceed to sell the stock of goods,
and pay the proceeds of the sale into the hands of the clerk
of the court, to abide the result of the suits.   The contro-

versy between the parties involved questions as to the priority of their liens. Under the agreement, the sheriff sold the goods for over $6,000, and in December, 1882, he paid into the hands of the clerk the sum of $6,242. The matter stood thus until the next term of court, and at said term, and on the ninth day of April, 1883, a paper was filed in said causes, of which the following is a copy: "It is hereby stipulated and agreed that the above-entitled actions be transferred for hearing and determination to the district court of Mills county, Iowa; that the clerk of this court transmit the money in his hands to the clerk of said district court of Mills county, Iowa, and on filing herein the receipt of said clerk, and on the approval of the report of W. E. Pattison, Esq., as receiver, by this court, that he be discharged and exonerated from all liabilities in the premises, and that this court fix and allow his compensation as receiver." This paper was signed by the attorneys of the respective parties. On the same day the report of Pattison, as receiver, was presented to the court, and an order was made allowing him the sum $400 for his services as receiver.

On the eighteenth day of October, 1883, plaintiffs filed a motion to vacate and set aside the allowance made to Pattison, on the ground that the same was illegal, excessive, and void, and in violation of law, and that Pattison was not, by order of the court, appointed a receiver, and that all the acts done and performed by him were done as the clerk of said court, and not as receiver. The motion was overruled on the ninth day of November, 1883. There is some controversy between counsel as to whether there was a formal order appointing Pattison as receiver. As this question is not, in our opinion, material to a determination of the appeal, we have not thought it necessary to resort to the transcript to settle it. By the stipulation entered into on the ninth day of April, 1882, it was expressly agreed that the court should act upon the report of Pattison as receiver, and fix and allow his compensation as receiver. This was a recognition of his services

as receiver, and an agreement that the court should fix his compensation; and the only question of which appellants could complain was, whether or not the court abused its discretion in making the allowance. The parties expressly gave the court jurisdiction to make some allowance. If the appellants felt aggrieved at the amount allowed, they should have appealed from the order within the time allowed for an appeal. They did not do this. They did not even file the motion to vacate the order until more than six months after it was made, and they did not attack the order on the ground of accident, fraud, or misconduct of any of the parties. Under these circumstances we cannot entertain the appeal. The allowance made to the clerk appears to us to be greatly excessive. His duties as clerk require him to receive and pay out money ordered to be deposited in court. But, if we were to reverse the ruling of the court below, we would commit this court to a rule which would enable the parties to evade the statute limiting the time within which appeals may be taken, by authorizing appeals from the orders overruling motions to set aside judgments and orders, when the appeals should be taken from the orders or judgments complained of. The motion in this case is unlike a motion made to retax costs. In this case, Pattison, in his report, upon which the court acted, made a claim of $400 as compensation. The plaintiffs should have then and there resisted the claim, and appealed from the allowance.

AFFIRMED.