## McLANE v. GRANGER.

Constitutional Law: VIOLATION OF INJUNCTION: COMMITMENT FOR CONTEMPT IN VACATION. When a judge is authorized by statute to perform a judicial act in vacation, his act, when so done, has the force and effect of an act done by the court (following *State v. Myers,* 44 Iowa, 580); and so, in this case, *held* that section three, chapter sixty-six, Laws of 1886, authorizing a judge in vacation to commit for contempt of an injunction issued under the prohibitory liquor law, is not in conflict with section one, article five, of the constitution, on the ground that it authorizes judgment by one who is not a court within the meaning of the constitution.

ON CERTIORARI TO HON. C. T. GRANGER, Judge of the Thirteenth Judicial District.

FILED, MARCH 10, 1888.

ON plaintiff's petition a writ of *certiorari* was allowed by one of the judges of this court to review an order of the defendant, who is a judge of the district court in the Thirteenth judicial district, imposing a fine upon plaintiff, and committing her to jail for contempt.

*L. Bullis* and *C. Wellington,* for plaintiff.

*A. J. Baker,* Attorney General, and *J. B. Kaye,* County Attorney, for defendant.

REED, J.—A temporary writ of injunction was issued and served upon plaintiff, enjoining and restraining her from keeping and using a certain building for the purpose of keeping or selling intoxicating liquors therein

contrary to law. An information was afterwards filed before the judge, in vacation, charging plaintiff with having violated said injunction. He thereupon caused her to be attached and brought before him. Her counsel filed a plea to the jurisdiction of the judge, denying that he had any power to hear and determine the matter in vacation. He, however, overruled the plea, and proceeded to hear the evidence adduced, and found therefrom that she was guilty of contempt as charged in the information, and entered an order imposing a fine of five hundred dollars; and, in default of payment, committing her to jail for one hundred and fifty days. The complaint and evidence (which was taken in writing at the hearing) were filed in the office of the clerk of the district court of Winneshiek county; that being the county in which the injunction proceedings were pending, and in which the hearing was had. The order was also entered of record in the judgment record of that court.

The objection urged against the proceeding is that the statute under which it was had (sec. 3, ch. 66, Acts 21st Gen. Assem.) is in conflict with section one, article five, of the constitution of the state, which is as follows: "The judicial department shall be vested in a supreme court, district court, and such other courts, inferior to the supreme court, as the general assembly may from time to time establish." Plaintiff's position is that the order imposing a fine and imprisonment for contempt is a final judgment, which can be pronounced only upon a hearing by a court; and that the judge, who is but an officer of the court, cannot, under that provision, be empowered to hear and determine a matter in litigation, and pronounce final judgment thereon, except when acting under such circumstances that the judgment pronounced by him is the judgment of the court, and that that can only be when the judgment is pronounced when the court is in session. We think, however, that the question is disposed of by our holding in State v. Myers, 44 Iowa, 580. We held, in that case, that, when the judge is authorized by

statute to perform a judicial act in vacation, his act, when so done, has the force and effect of an act done by the court. Following that holding, the writ of *certiorari* will be

DISMISSED.