The Travelers' Insurance Company, a Corporation, Plaintiff and Respondent, *v.* Gertrude Weber, Defendant and Appellant.

### Appeal From Justice—Dismissal—Order of Judge—Vacating Order—Right to Appeal.

1. An order, made by a judge of the district court to show cause why an appeal from a justice's court should not be dismissed, cited the appellant to "show cause before the court at chambers," etc. An order was made dismissing the appeal, which recited that it was made after hearing both sides on the return of the order to show cause. The order of dismissal was not made at a general or special term of the district court, nor did it recite in terms that it was made "by the court." Only the following words were appended to the judge's signature to the order: "Judge District Court, Richland County, N. D." *Held*, that it appears from the record that the order of dismissal was an order of the district court, and was not a mere "chambers order."

3. *Held further*, that, inasmuch as the statute (§ 4828, Comp. Laws) declares that district courts are "always open" except for the trial of issues of fact in actions, it follows that a judge of the district court cannot, at his option, and by the form of an order, or the style of his signature thereto, determine whether a given matter is or is not a court matter.

3. No appeal to this court was taken from the order dismissing the appeal, but after the time allowed for appeal had expired a motion was made before the district court to vacate the order of dismissal. The motion was denied, and defendant has attempted to appeal from the order refusing to vacate the first order. *Held*, that the order refusing to vacate the order dismissing the appeal is not appealable. This court will not take jurisdiction of an order of the district court refusing to vacate an appealable order made by the district court; nor can the time for appeal to this court be extended by an order of the court below vacating or refusing to vacate an appealable order. Whether an order dismissing an appeal from a justice court to a district court is appealable, is not decided.

(Opinion filed November 18, 1891.)

*A*PPEAL from the district court, Richland county; Hon. W. S. LAUDER, Judge.

*W. E. Purcell* and *L. B. Everdell*, for appellant. *McCumber & Bogart*, for respondent.

Action by the Travelers' Insurance Company against Gertrude Weber for unlawful detainer. Judgment for plaintiff. Defendant appeals. Appeal dismissed. The facts and authorities cited are set out fully in the opinion.

The opinion of the court was delivered by

WALLIN, J. This action originated in a justice's court under the forcible entry and unlawful detainer statute. The justice of the peace rendered judgment in favor of the plaintiff on December 15, 1890. Within the time limited by statute the defendant appealed from said judgment to the district court upon questions of both law and fact, and in the notice of appeal demanded a new trial. On January 5, 1891, plaintiff's counsel, acting upon the theory that (for certain reasons appearing hereafter) an appeal would not lie from such judgment to the district court, obtained the following order to show cause.

" Now, therefore, on motion of McCumber & Bogart, attorneys for plaintiff, it is hereby ordered that the defendant in the above entitled action show cause before this court at chambers, at the office of Hon. W. S. Lauder, judge of the district court in and for said county and state, on the 10th day of January, 1891, at 1 o'clock P. M., of said day, why the said appeal allowed by the said justice should not be dismissed. Dated January 5th, 1891. W. S. LAUDER, Judge." After a hearing, the following order was made: "This cause coming on to be heard on the order to show cause why the appeal allowed therein by the said justice to the district court in and for said county should not be dismissed, after hearing the arguments of counsel for the respective parties in support of and in opposition to such dismissal, and it appearing therefrom and from the affidavit of P. J. McCumber, made in support of such dismissal, and from all the papers and records in said action, that judgment for restitution and possession of the premises described in the complaint in said action was entered therein in favor of said plaintiff and against said defendant on the 15th day of December, 1890, and that no statement of the case has been made in said action, and no appeal taken on questions of law alone, and that no answer was made by the defendant in said action, but that the same was tried on the complaint and evidence of plaintiff, and that no issue was joined in the trial of said action, and that notice of appeal on both questions of law and fact was made in said action, and an appeal allowed by said justice therein; and it further appearing that said appeal was without authority of law; now, therefore, it is ordered that the said appeal be, and the same is hereby dismissed, and the clerk of said district court is hereby ordered to return to said justice all papers and records sent him in said action by said justice. Dated January 10th, 1891. W. S. LAUDER, Judge District Court, Richland Co., N. D." No appeal has been taken to this court from said order of dismissal, but after time to appeal from the order had expired, and on March 13, 1891, defendant moved the district court to vacate said order. After hearing both sides, the motion was denied. The material part of the order denying the motion is as follows: " Now, on motion of P. J. McCum-

ber, attorney for plaintiff, it is hereby ordered and adjudged that the said motion be, and the same is denied. Dated March 13th, A. D. 1891. By the Court: W. S. LAUDER, Judge." The last order is sought to be appealed to this court.

The appellant assigns numerous errors based upon the record transmitted to this court; but, as we view the case, such errors cannot be reached by this court for jurisdictional reasons. The point is made that the order attempted to be appealed from—the order refusing to vacate a previous order dismissing the appeal—is not an appealable order under our statute regulating appeals. We are of the opinion that the point is well taken, and must be sustained. The appellant has assumed by the appeal—and respondent does not discuss the point—that an order of the district court dismissing an appeal, if made by the court, is an appealable order, under subdivision 1, § 24, c. 120, Laws 1891, which reads as follows: "(1) An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken." Without deciding the point, we will assume, for the appellant's benefit, that an order of the district court dismissing an appeal from a justice court, if made by the court, is an appealable order. But appellant's counsel takes the position, inasmuch as the order of dismissal was not on its face an order made "by the court," but was an order signed as follows, "W. S. LAUDER, Judge District Court, Richland Co., N. D.," that such order was not a court order at all, but was a mere "chambers order," made by the judge out of court, and that such an order, under subdivision 5, § 24, c. 120, Laws 1891, was not appealable, and that the order refusing to vacate, which reads on its face, above the judge's signature, "By the court," is appealable under said subdivision 5. We cannot yield our assent to this reasoning. In the first place, it appears from the record that the order to show cause why the appeal should not be dismissed cited defendant to "show cause before the court at chambers," and the order of dismissal recites that it was made after hearing both parties upon such order to show cause. From these recitals it appears from the record that the order of dismissal was a court

order—*i. e.*, an order made after hearing both sides in court. Furthermore, it is clear to our minds that the mode and style adopted by a judge of the district court in appending his signature to an order disposing of what is essentially a court matter cannot, under our statutes, determine the character of the order made. To assent to the notion that a judge of the district court is permitted at his option to determine by the phraseology of an order, or by the style of his signature thereto, whether in deciding a matter he is exercising powers vested by the constitution in the district court, or whether he is acting in some other capacity not defined, would be to sanction a state of things closely resembling jugglery.

Referring to district courts, § 4828, Comp. Laws, declares: "These courts are always open for the purpose of hearing and determining all actions, special proceedings, motions, and applications of whatever kind or character, and whether of a civil or criminal nature arising under the laws of the territory, and of which the district courts have jurisdiction, original or appellate, except issues of fact in civil and criminal actions." The statute further provides that all matters except the trial of issues of fact in actions may be heard and determined at any place in the same district where the matter is pending. This statute is plain and unambiguous. It declares that district courts are "always open," except for the trial of issues of fact in actions. By this statute the distinction is abrogated which from ancient times has existed at law and in chancery between the powers of a court when sitting at a general or special term and those other and different powers which could be exercised out of court by a judge thereof when in his chambers. What could be done by a judge of a court of law or by the chancellor at chambers was perhaps fairly well settled by the practice at an early day in England; but in this country the powers of judges at chambers have been much modified and enlarged by legislation, and hence differ widely in the different states. To explore the authorities for the purpose of tracing the lines of demarkation separating the powers of courts from those of judges out of court in other states would be of little or no practical value where, as with us, the line itself has been effaced by law. The reason why a judge,

out of term, sitting in his chambers, could not formerly exercise the power and authority of the court was simply because the court at such times was not open for the transaction of business. Formerly there was and could be no court open except at a general or special term appointed to be held pursuant to law. But in this state the district court is "always open." It is quite true, as well as somewhat confusing, that our statute does in a few instances in express terms confer powers upon the judges of the district courts which essentially belong to courts as such, and which under the old procedure, were exercised only by courts in term time. Section 4675, Comp. Laws, is an example of this class of statutes. As a rule such statutes were ingrafted upon our laws from the older states, and were passed prior to the departure made in 1887, whereby it is declared by statute that the district courts are always open. The district courts being always open, it is of course entirely superfluous to confer upon the judges powers which they already possess as district courts. The court being open, it does not matter vitally whether an order of the court is embodied in the minutes or reduced to writing and filed with or without the words, "By the court," if the thing done is in its nature an exercise of the powers of the district court. In all cases where the decision is made after notice and a hearing it is the court which acts, and not the judge. Nor can the form of the order or the style of the judge's signature thereto determine the matter. Where, by virtue of the statute, district courts are clothed with authority to hear and determine court cases out of term, an order in such cases, made after a hearing brought on by notice of motion or order to show cause before the "judge at chambers," is an order of the district court, and must be so regarded. In such cases it is much better practice to cite parties before the court and not before the judge, as it is the court which acts. Yale v. Edgerton, 11 Minn. 271 (Gil. 184); Rogers v. Greenwood, 14 Minn. 333 (Gil. 256); State v. McDonald, 26 Minn. 445, 4 N. W. Rep. 1107; McLane v. Granger, 74 Iowa 152, 37 N. W. Rep. 123. It is true, nevertheless, that under existing statutes, which were for the most part adopted prior to 1887, judges of the district courts are authorized to make, and are constantly making, certain orders wherein

they assume, somewhat illogically under the present system, to act as judges and not as courts. Such orders are made to facilitate the hearing of causes pending in court or about to be commenced. This class of orders is quite similar in character, and practically the same orders which under the old system of procedure, were made by judges out of court, and were known as "chambers orders." This class of orders is usually made with little deliberation, and *ex parte*, and is intended to be preliminary only. Familiar examples of this class of orders are the orders to publish the summons in actions about to be commenced (§ 4900 Comp. Laws); orders of arrest in arrest and bail proceedings under § 4946; injunctional orders, made *ex parte*, under § 4984; orders appointing receivers *ex parte*, under § 5017; also orders staying proceedings, orders to show cause, orders enlarging time to plead, and the like. Whenever any of this class of orders are improperly made, a remedy by motion brought before the court on notice will lie to vacate the same. If the motion to vacate is granted or denied, an appeal will lie, if at all, under subdivision 5, § 24, c. 120, Laws 1891, which gives an appeal to this court only where the original order was appealable. Our present appeal law is a transcript from a Wisconsin statute, which was enacted in that state as a part of a system in which the circuit court (corresponding to our district courts) was not "always open," and where only certain court business proper could, under special statutes, be done by the "judge at chambers." Hence some parts of the appeal law are out of harmony with our present system of procedure in the district courts, and only a thorough revision of the statutes will give entire smoothness to a system of practice now somewhat incongruous and discordant. But in the case under consideration no difficulties of practice arise. The order dismissing the appeal from the justice's judgment is not one in its nature preliminary nor was it made *ex parte;* but, on the contrary, after notice and a hearing from both sides, it was judicially determined that the action was not appealable, and not legally pending in the district court, and hence the appeal was dismissed. The decision was obviously made by the court, and at a time when the district court was in session, for the

purposes of the case, as completely as it could be under any circumstances. No appeal was taken to this court from the order dismissing the appeal to the district court. We are now asked, on an appeal from another order made in court — the order refusing to vacate the order dismissing the appeal—to review the first order and pass upon its merits. It is obvious that, if the first order is not appealable, the last cannot be, under subdivision 5, *supra*. Besides, to hold otherwise would be tantamount to saying that this court could take jurisdiction and review a case indirectly in which the statute gives no appeal. This would be beyond the power of this court. The right of appeal is wholly statutory. As we have seen, the order dismissing the appeal was made by the district court. This gives rise to the question whether the supreme court of this state can take jurisdiction on an order of the district court refusing to vacate an appealable order of the district court. This question must be answered in the negative. Henly v. Hastings, 3 Cal. 342; Higgins v. Mahoney, 50 Cal. 446; Holmes v. McCleary, 63 Cal. 497; Larkin v. Larkin, 76 Cal. 323, 18 Pac. Rep. 396. Nor can the time allowed for an appeal be extended by an order refusing to vacate or vacating an appealable order. Thompson v. Lynch 43 Cal. 482; Kittredge v. Stevens, 23 Cal. 283. In what we have said no reference is made to such orders as the district court may, under the statute (§ 4939, Comp. Laws), vacate on a showing that they were made by mistake, inadvertence, or excusable neglect. No such showing was made or attempted in this case. It follows that the appeal to this court attempted to be made in this action must be dismissed. Such will be the order. All concur.