KLINE, Appellant, v. MURRAY et al., Respondents.

(No. 6,111.)

(Submitted June 3, 1927. Decided June 25, 1927.)

[257 Pac. 465.]

*Appeal from Final Judgment—Pendency of Motion for New Trial Does not Extend Time—Judgments—Power of Courts to Amend—Appeal from Order Denying New Trial—Statute Abolishing Constitutional.*

Appeal—Matter of Legislative Control—Jurisdiction of Supreme Court.
1. In the absence of constitutional restriction, the legislature may grant or take away the right of appeal, and if it grants it, it may prescribe such restrictions and limitations as it may see fit to impose, and having prescribed that an appeal from a final judgment must be taken within six months after entry thereof (sec. 9732, Rev. Codes 1921, as amended by Chap. 39, Laws of 1925), the supreme court does not acquire jurisdiction of such an appeal unless taken within that time.

Equity—Decrees are Judgments.
2. Decrees in equity cases are "judgments" within the meaning of section 9313, Revised Codes, 1921, defining a judgment as "the final determination of the rights of the parties in an action or proceeding."

Appeal—Judgments—When Final.
3. When a judgment has been entered and no further questions can come before the court except such as are necessary for carrying it into effect, it is "final" within the meaning of section 9732, supra, authorizing an appeal therefrom, judgments of dismissal or nonsuit constituting final judgments.

Judgments—When Final.
4. A final judgment is not necessarily the last one in an action; a judgment which is conclusive of any question in a case is final as to that question.

Same—Final Judgment must Stand Until Revised or Set Aside in Manner Provided by Law.
5. When a court has once rendered the judgment as intended by it, it becomes "final" and must stand until modified, revised or set aside in manner provided by statute.

Same—Appeal from Judgment—Pendency of Motion for New Trial on Modification of Judgment Does not Extend Time for Taking Appeal.
6. Pending a motion for a new trial, or motion to modify the judgment, or an appeal from an order granting a new trial, an appeal lies from the final judgment in the action, and the pendency of such matters neither vacates the judgment nor extends the time within which an appeal from the final judgment may be taken.

1. See 2 R. C. L. 28.
3. See 2 R. C. L. 40, 42.

[79 Mont. 530.]

Appeal from Order Denying New Trial—Statute Abolishing Appeal Held Constitutional.

7. *Held*, that Chapter 225, Laws of 1921 (sec. 9745, Rev. Codes 1921), abolishing the appeal from an order denying a new trial, does not offend against the provision of section 23, Article V, of the Constitution, that an Act containing a subject not embraced in the title shall be void as to that subject.

Judgments—Power of Court to Amend.

8. Where the trial court, after hearing all of the evidence, on motion entered judgment of dismissal, intentionally and not by accident or mistake adding the words "on the merits," it was powerless thereafter to grant plaintiff's motion to strike the quoted words, since courts may not amend judgments if they express what was actually decided, such errors being correctible only on motion for new trial or on appeal.

---

[1]   Appeal and Error, 3 C. J., sec. 1, p. 297, n. 2; sec. 29, p. 316, n. 42; sec. 30, p. 318, n. 47; sec. 1032, p. 1040, n. 12.

[2–5]   Appeal and Error, 3 C. J., sec. 256, p. 433, n. 7; sec. 258, p. 443, n. 59, p. 445, n. 66; sec. 332, p. 497, n. 26.

[6]   Appeal and Error, 3 C. J., sec. 1050, p. 1053, n. 11; sec. 1051, p. 1054, n. 20; sec. 1074, p. 1067, n. 28.

[7]   Appeal and Error, 3 C. J., sec. 337, p. 507, n. 61; 4 C. J., sec. 2390, p. 581, n. 29. Statutes, 36 Cyc., p. 1017, n. 77, p. 1034, n. 50.

[8]   Appeal and Error, 3 C. J., sec. 1032, p. 1040, n. 12.

[9]   Appeal and Error, 3 C. J., sec. 356, p. 525, n. 21. Judgments, 34 C. J., sec. 450, p. 229, n. 83, p. 232, n. 85; sec. 451, p. 234, n. 91, 92.

*Appeal from District Court, Park County, in the Sixth Judicial District; B. B. Law, Judge of the Ninth District, presiding at the trial, and Charles A. Rose, Judge of the Eighteenth District, presiding at the hearing of the motions for new trial and to amend the judgment.*

ACTION by Josephine Kline against James E. Murray and others. From a judgment of dismissal, and from orders overruling a motion for a new trial and denying plaintiff's motion to amend the judgment, plaintiff appeals. Affirmed.

*Mr. Wellington D. Rankin* and *Mr. A. H. Angstman,* for Appellant, submitted a brief and argued the cause orally.

A judgment is not final, for the purposes of an appeal, so long as there is pending a motion for a new trial and a motion to amend the judgment. (*McClellan* v. *Wood*, 78 Fla.

---

8.   See 15 R. C. L. 673.

407, 83 South. 295; *Woodward Iron Co.* v. *Brown* 167 Ala. 316,. 52 South. 829; *Hosking* v. *Southern Pac. Co.*, 243 Ill. 320, 90 N. E. 669; *Watson* v. *Mayberry*, 15 Utah, 265, 49 Pac. 479; *Snow* v. *Rich*, 22 Utah, 123, 61 Pac. 336; *Everett* v. *Jones*, 32 Utah, 489, 91 Pac. 360; *Stoll* v. *Daly Mining Co.*, 19 Utah, 271, 57 Pac. 295; *Bear River Valley Orchard Co.* v. *Hanley*, 15 Utah, 506, 50 Pac. 611; *Oldroyd* v. *McCrea*, 65 Utah, 142, 40 A. L. R. 230, 235 Pac. 580; *City of Lincoln* v. *First Nat. Bank*, 64 Neb. 725, 90 N. W. 874; *New York etc. Ry. Co.* v. *Doane*, 105 Ind. 92, 4 N. E. 419; *Bryan* v. *Inspiration Consolidated Copper Co.*, 27 Ariz. 188, 231 Pac. 1091; *Inman* v. *City of Seattle*, 86 Wash. 603, 150 Pac. 1055; *Gross* v. *Wilds*, 21 Ga. App. 620, 94 S. E. 812; *Durrence* v. *Waters*, 140 Ga. 762, 79 S. E. 841; *Grasser* v. *Blank*, 110 La. 493, 34 South. 648; *State ex rel. Scott* .v. *Court*, 104 Mo. 419, 16 S. W. 415; *State Bank* v. *Mortensen*, 66 Utah, 290, 241 Pac. 1055; *Childers* v. *Samoset C. Mills*, 213 Ala. 292, 104 South. 641; *Wallace* v. *Follmar & Sons* (Ala.), 110 South. 402; *Reese* v. *Fife* (Mo.), 279 S. W. 415; *United States Shipping Board etc. Corp.* v. *Galveston Dry Dock Const. Co.*, 13 Fed. (2d) 607; *Davis* v. *Livingston*, 13 Fed. (2d) 605; *Morse* v. *United States*, 270 U. S. 151, 70 L. Ed. 518, 46 Sup. Ct. Rep. 241.)

*Mr. Frank Arnold,* for Respondent James McClarty, and *Mr. William Scallon* and *Mr. Jos. R. Wine,* for Respondents James E. and Marcus M. Murray, submitted briefs; *Mr. Arnold* and *Mr. Scallon* argued the cause orally.

We contend that the appeal from the judgment was taken too late. (*Jarrett* v. *Hart*, 54 Mont. 50, 167 Pac. 695; *Lindeberg* v. *Howe*, 67 Mont. 195, 215 Pac. 230; *Hodson* v. *O'Keeffe*, 71 Mont. 322, 229 Pac. 722; *Arnold* v. *Sinclair*, 11 Mont. 556, 28 Am. St. Rep. 489, 29 Pac. 340; *State* v. *Kennie*, 24 Mont. 45, 50, 60 Pac. 589; *Holter Lumber Co.* v. *Fireman's Fund Ins. Co.*, 18 Mont. 282, 45 Pac. 207; *Butte & B. Consol. Min. Co.* v. *Montana Ore Purchasing Co.*, 27 Mont. 152, 69

Pac. 714; *State ex rel. Heinze* v. *District Court,* 28 Mont. 227, 72 Pac. 613; *Security Trust & Savings Bank* v. *Reser,* 53 Mont. 501, 193 Pac. 532; *Coon* v. *Grand Lodge,* 76 Cal. 354, 18 Pac. 384; *Dooling* v. *Moore,* 20 Cal. 141; *Hoppin* v. *Long,* 74 Mont. 558, 241 Pac. 636; *City of New York etc. Ry. Co.* v. *Doane,* 105 Ind. 92, 4 N. E. 419; *Griswold* v. *Ryan,* 2 Mont. 47.)

The case of *Romero* v. *McIntosh,* 19 N. M. 612, 145 Pac. 254, departing from the above authorities, may be said to have the sanction of the larger number of American appellate courts, though the rule is severely criticised as one growing out of judicial legislation and is not followed by all American jurisdictions. Those departing from this rule and holding that the time is to be computed from the actual rendition or entry of judgment or decree without regard to the fact that a motion for new trial or rehearing is pending, as evidenced by, at least, a partial list of the cases so holding, are: California, Colorado, Oregon, Michigan, Ohio, Oklahoma and Texas. (See *Bornheimer* v. *Baldwin,* 42 Cal. 31; *Brooks* v. *San Francisco, etc.,* 110 Cal. 173, 42 Pac. 570; *Henry* v. *Merguire,* 111 Cal. 1, 43 Pac. 387; *Houser & Haines Mfg. Co.* v. *Hargrove,* 129 Cal. 90, 61 Pac. 660; *Puckhaber* v. *Henry,* 147 Cal. 424, 81 Pac. 1105; *Freas* v. *Townsend,* 1 Colo. 86; *Slattery* v. *Robinson,* 7 Colo. App. 22, 42 Pac. 179; *Burchinell* v. *Bennett,* 10 Colo. App. 150, 50 Pac. 206; *Hill* v. *Hill,* 114 Mich. 599, 72 N. W. 597; *Selig* v. *Akron Hydraulic Pressed Brick Co.,* 10 Ohio C. D. 535, 19 Ohio C. C. 633; *Brown* v. *Coal Co.,* 48 Ohio St. 542, 28 N. E. 669; *Dowty* v. *Pepple,* 58 Ohio St. 395, 50 N. E. 923; *Cooper* v. *Yoakum,* 91 Tex. 391, 43 S. W. 871; *Doorley* v. *Buford & George Mfg. Co.,* 5 Okl. 594, 49 Pac. 936; *Manes* v. *Hoss,* 28 Okl. 489, 114 Pac. 698; *Lee* v. *Summers,* 36 Okl. 784, 130 Pac. 268; *McCartney* v. *Shipherd,* 60 Or. 133, Ann. Cas. 1913D, 1257, 117 Pac. 814; *Gearin* v. *Portland Ry.,* 62 Or. 162, 124 Pac. 258; *Hahn* v. *Astoria Nat. Bank,* 63 Or. 1, 114 Pac. 1134, 125 Pac. 284; *Miller* v. *Miller,* 65 Or. 551, 131 Pac. 308, 133 Pac. 86.)

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On September 29, 1925, the plaintiff, Josephine Kline, commenced action against James E. Murray, Marcus M. Murray, personally and as administrator of the estate of May A. Murray deceased and James McClarty, sheriff of Park county for damages for alleged false imprisonment. Issue was joined and the cause came on for trial before the court and jury on April 27, 1926. At the close of plaintiff's case the court granted a nonsuit as to Marcus M. Murray, personally and as administrator and denied a like motion as to the remaining defendants, with the privilege of renewal at the close of all of the testimony. Both parties having finally rested, the defendants made separate motions for a directed verdict, whereupon the court stated: "I never directed a jury to return a verdict in my life. My judgment may not be their judgment, and the responsibility in this particular case is for the court, and the court is willing to assume it. I will sustain your motion for a nonsuit, or if you prefer a different motion at this time, such as a dismissal of the action for insufficiency of the evidence, I will sustain it." The defendants then made separate motions for dismissal on the ground suggested, and each motion was sustained. On April 29, 1926, judgment was entered, and therein it was recited that the action was dismissed "on the merits," and notice of entry was duly served on May 12 following. On May 21 plaintiff served and filed her motion to strike the phrase "on the merits" from the judgment, and a motion for a new trial, and thereupon filed an affidavit of disqualification against the judge who tried the case. Owing to this latter action, considerable delay ensued and the motions were not disposed of until December 27, 1926. Plaintiff was thereafter granted additional time in which to prepare a bill of exceptions, and on January 21, 1927, the bill was served and service accepted by counsel for defendants "without waiving objection that it is too late to appeal or to

settle a bill of exceptions." The bill was settled over the objection of the defendants and exception thereto noted. No notice of appeal was given until February 18, 1927, when a notice, reciting that the plaintiff appeals from the "final" judgment entered April 29, 1926, from the judgment or order overruling the motion for a new trial, and from "the special order made after final judgment" denying plaintiff's motion to amend the judgment, was served and filed.

The first question to be considered is as to whether this court has jurisdiction to determine the matters presented by the appeals thus attempted to be perfected.

1. Was the filing of the notice of appeal and bond sufficient **[1]** to confer jurisdiction upon this court to determine the questions presented on an appeal from the judgment, when it appears therefrom that nearly ten months elapsed between the entry of judgment and such filing?

The right to an appeal in law cases did not exist at common law; it is a remedy which, in the absence of constitutional restrictions, the legislature may grant or take away, in its discretion, and as to which it may prescribe such restrictions and limitations as it sees fit. (2 R. C. L. 26; *State* v. *Black,* 15 Mont. 143, 38 Pac. 674.)

Our Constitution (Art. VIII, secs. 2, 3 and 15) grants to this court appellate jurisdiction, to be exercised under "such limitations and regulations as may be prescribed by law," and under this constitutional provision and to the end that litigation shall not be unduly prolonged our legislature has wisely granted the right to appeal "from a final judgment within six months after the entry of judgment." (Sec. 9732, Rev. Codes 1921, amended by Chapter 39, Laws 1925; *State Bank of New Salem* v. *Schultze,* 63 Mont. 410, 209 Pac. 599.) The period thus fixed is an express and peremptory limitation of time within which the right given by statute must be exercised (*Bornheimer* v. *Baldwin,* 42 Cal. 27) or this court acquires no jurisdiction in the matter (*Emerson* v. *McNair,* 28 Mont. 578, 73 Pac. 121; *Butte Mining & Milling Co.*

v. *Kenyon,* 30 Mont. 314, 76 Pac. 696, 77 Pac. 319; *Linde-
berg* v. *Howe,* 67 Mont. 195, 215 Pac. 230; *Hodson* v.
*O'Keeffe,* 71 Mont. 322, 229 Pac. 722).

It is therefore apparent that the appeal from the judgment
must be dismissed, unless we hold that the judgment entered
was not a final judgment at the time of its entry and did not
become final until the trial court had disposed of the motions
for a new trial and a modification of the judgment.

2. On the effect of a motion for a new trial, or for a re-
hearing, on the statute limiting the time within which an ap-
peal may be taken from a final judgment there are two dia-
metrically opposite rules in existence in the United States.
(a) Where the motion for a new trial or for a rehearing is
seasonably made and was necessary to the consideration in
the appellate court of the questions involved in the appeal,
the time is to be computed from the date of the denial of the
motion; and (b) as the legislature has seen fit to fix an ex-
press and peremptory limitation upon the time within which
an appeal may be taken, it has no flexibility and cannot be
varied by extrinsic circumstances, but in all cases, regardless
of what takes place after the entry of judgment, the statute
begins to run from the date of entry. We have not attempted
to determine which rule prevails in each of the states, nor on
which side. lies the numerical weight of authority. The first
rule seems to have been adopted in Alabama, Arizona, Florida,
Georgia, Illinois, Indiana, Louisiana, Kentucky, New Mexico,
Nebraska, Utah and Washington, while the second prevails
in California, Colorado, Iowa, North Dakota, Michigan, Ohio,
Oklahoma, Oregon, Kansas, Wyoming and Texas.

In the Nebraska case of *City of Lincoln* v. *First Nat. Bank,*
64 Neb. 725, 90 N. W. 874, it is said that "numerically the
courts of the different states are almost equally divided;" add-
ing, "of course, in many of the jurisdictions referred to the
language of the statute has much to do with the conclusions
reached regarding the matter"; and in *Romero* v. *McIntosh,*
19 N. M. 612, 145 Pac. 254, the court said that the larger num-

ber of American appellate courts have given sanction to the first rule, but that it was idle to give lengthy consideration to the reasoning of the several courts, as the rule "should be, and generally has been considered, dependent upon statutory provisions of the different jurisdictions."

The reason generally urged by those courts adopting the first rule is that the character of finality does not attach to the judgment until the motion for a new trial or a rehearing is disposed of, and, in the Indiana case of *New York Ry. Co.* v. *Doane,* 105 Ind. 92, 4 N. E. 419, and certain of the other decisions so holding, this conclusion is reached by declaring that a motion for a new trial is not a collateral one, but is directly connected with the judgment, and an appeal from the judgment would oust the trial court of jurisdiction and prevent a ruling on the motion. This reasoning is not persuasive with us, as we have followed the California court in declaring that: "Proceedings on a motion for a new trial are not in direct line of the judgment, but are independent and collateral thereto. Therefore, an appeal from the judgment does not divest the trial court of jurisdiction to hear and determine a motion for a new trial." (*Hoppin* v. *Long,* 74 Mont. 558, 241 Pac. 636.)

Many of the cases in which the first rule is declared were decided under the practice of moving for a new trial before the entry of judgment, and in Illinois it is declared that a motion for a new trial made after the entry of judgment will not suspend the judgment pending a ruling on the motion. (*People* v. *Gary,* 105 Ill. 264; *Hearson* v. *Graudine,* 87 Ill. 115.)

3. As the provision of section 9732 above is for appeal [2-5] from a "final judgment" within six months after its entry, it becomes material to determine what is meant by the term "final judgment."

Section 9313, Revised Codes of 1921, defines a judgment as "the final determination of the rights of the parties in an action or proceeding." Decrees in equity are judgments

within the meaning of this section (*Raymond* v. *Blancgrass,* 36 Mont. 449, 15 L. R. A. (n. s.) 976, 93 Pac. 648; *State ex rel. Happel* v. *District Court,* 38 Mont. 166, 129 Am. St. Rep. 636, 35 L. R. A. (n. s.) 1098, 99 Pac. 291), and when a decree (or judgment) has been entered and no further questions can come before the court except such as are necessary for carrying it into effect, it is "final," within the meaning of the Code (*Arnold* v. *Sinclair,* 11 Mont. 556, 28 Am. St. Rep. 489, 29 Pac. 340; *Bryant* v. *Davis,* 22 Mont. 534, 57 Pac. 143). The dismissal of an action, the granting of judgment of nonsuit constitute "final" judgments. (*Holter Lumber Co.* v. *Fireman's Fund Ins. Co.,* 18 Mont. 282, 45 Pac. 207.) "Final judgment means the finish of judicial labor, pronouncement of the ultimate conclusion of the court upon the case and a direction to the clerk to enter judgment." (*In re Kelly's Estate,* 31 Mont. 356, 78 Pac. 579.)

"A final judgment is not necessarily the last one in an action. A judgment that is conclusive of any question in a case is final as to that question. The Code provides for an appeal from a final judgment, not from *the* final judgment in an action." (*State ex rel. Heinze* v. *District Court,* 28 Mont. 227, 72 Pac. 613.) When a court has once rendered the judgment as intended by it, it becomes "final" and must stand until it has been modified, revised or set aside in some manner provided by statute. (*State ex rel. Smith* v. *District Court,* 55 Mont. 602, 179 Pac. 831.)

It is therefore apparent that, under our Codes, the judg- [6] ment of the trial court disposing of the questions presented on the trial and leaving nothing to be done except to take such steps as are necessary to carry the judgment into effect, it is the "final" judgment from which the legislature has granted the right to appeal and nothing done thereafter can deprive such judgment of its character of finality, so long as it remains unaffected by the further order of the trial court or the appellate court in proceedings authorized by statute. Pending a motion for a new trial or an appeal from an

order granting a new trial, an appeal will lie from the final judgment in the action, and the pendency of such matters neither vacate the judgment nor extends the time within which an appeal may be taken from the final judgment. (*Henry* v. *Merguire*, 111 Cal. 1, 43 Pac. 387; *Puckhaber* v. *Henry*, 147 Cal. 424, 81 Pac. 1105; *Slattery* v. *Robinson*, 7 Colo. App. 22, 42 Pac. 179; *Cox* v. *American Express Co.*, 147 Iowa, 137, 124 N. W. 202; *Travelers' Ins. Co.* v. *Weber*, 2 N. D. 239, 50 N. W. 703; *Hill* v. *Hill*, 114 Mich. 599, 72 N. W. 597; *Dowty* v. *Pepple*, 58 Ohio St. 395, 50 N. E. 923; *Lee* v. *Summers*, 36 Okl. 784, 130 Pac. 268; *Hahn* v. *Astoria National Bank*, 63 Or. 1, 114 Pac. 1134, 125 Pac. 284; *Macartney* v. *Shipherd*, 60 Or. 133, Ann. Cas. 1913D, 1257, 117 Pac. 814; *Cooper* v. *Yoakum*, 91 Tex. 391, 43 S. W. 871.)

It is held in California that a motion for a new trial may even be granted after the judgment has been affirmed on appeal. (*Brison* v. *Brison*, 90 Cal. 323, 27 Pac. 186; *Water Co.* v. *Gage*, 108 Cal. 243, 41 Pac. 299.)

This opinion was forecasted in *Griswold* v. *Ryan*, 2 Mont. 47, wherein it was held that leave to move for a rehearing in the district court "does not disturb the final character of the judgment," and that the filing of such a motion did not prolong the time in which to appeal from the judgment.

4. We have heretofore discussed only the effect of a motion for a new trial and the cases cited deal with such a motion and motions for a rehearing, but the same rule applies to the motion to modify the judgment. (*Russell* v. *First Nat. Bank*, 65 Iowa, 242, 21 N. W. 585; *Besser* v. *Alpena Circuit Judge*, 155 Mich. 631, 119 N. W. 902; *Travelers' Ins. Co.* v. *Mayer*, 2 N. D. 234, 50 N. W. 706.) In *Russell* v. *Bank* the court declared that a litigant cannot evade the express requirement of the statute by a motion to vacate or modify the judgment. In *Buckley* v. *Sutton*, 38 Mich. 1, it is said that "to hold otherwise would be to defeat the statute and enable anyone to gain time by sham proceedings."

Whatever may be the statutory provisions in jurisdictions holding to the first rule above referred to, our legislature has declared in plain and understandable language that a party may appeal within six months after the entry of final judgment, and to now hold that any motion made after the entry of such a judgment tolls the statute would be attempted judicial legislation. If the statutory requirement causes embarrassment to the profession, the relief must be sought at the hands of the law-making body of the state. (*Gearin* v. *Portland Ry. etc. Co.,* 62 Or. 162, 124 Pac. 258.) The appeal from the judgment must be dismissed.

5. It will be noted that plaintiff has attempted to appeal [7] from the order denying her a new trial in face of the fact that such an appeal has been done away with in this state. (*Hoppin* v. *Long,* above.) Counsel contends that Chapter 225, Laws of 1921, now section 9745, Revised Codes of 1921, abolishing such an appeal, is void as violative of section 23 of Article V of our Constitution. The title to the Act challenged is "an Act for the general revision of the Civil and Criminal Practice Acts, * * * relating to exceptions, bills of exceptions, new trials and appeals, * * * " amending certain sections and repealing certain sections.

Section 23, Article V, of the Constitution provides, in effect, that if an Act shall contain any subject not embraced in the title thereto, it shall be void as to that subject. The title of the Act in question sufficiently advised the members of the legislature and the people generally that it was intended thereby to revise the law relating both to "new trials" and "appeals," and was sufficient, without enumerating the sections to be amended or repealed, to meet the well-known purpose of the limitation placed on the law-making body by the Constitution. (*In re Ryan,* 20 Mont. 64, 50 Pac. 129; *State ex rel. Hay* v. *Alderson,* 49 Mont. 387, Ann. Cas. 1916B, 39, 142 Pac. 210; *State ex rel. Foot* v. *Burr,* 73 Mont. 586, 238 Pac. 585.)

The appeal from the order denying plaintiff a new trial must therefore be dismissed.

As to the attempted appeal from the order denying plaintiff's motion to amend the judgment by striking out the phrase, "on the merits," the appeal was timely, if such an appeal lies to this court.   (Sec. 9732, above.)

However, whether right or wrong, the trial court declared [8] the judgment to be "on the merits" as its decision on the question; the phrase did not creep into the judgment by accident or mistake, and the court was powerless thereafter to strike out the phrase.   Courts have power to amend judgments to the end that they will express what the court actually decided (*Power & Bro.* v. *Turner,* 37 Mont. 521, 97 Pac. 950), but errors into which the court itself falls can be corrected only by motion for a new trial or by appeal.   The reason for the rule is manifest.   If, upon the application of one party, the court could change its judgment to the prejudice of the other, it could thereafter, on application of the latter, again change the judgment and continue this practice indefinitely.   (*Merhar* v. *Powers,* 73 Mont. 451, 236 Pac. 1076.)   The only method by which the alleged error in the judgment could be corrected was on appeal from the judgment; as that appeal was not taken within time, the attempted appeal from the order is ineffectual.

We may say, in passing, that as the court denied defendants' motion for nonsuit and dismissed the action only after hearing all of the evidence, and the defendants only moved for dismissal after the court, for personal reasons, refused to entertain a motion for a directed verdict, to all intents and purposes the dismissal was upon a directed verdict and, therefore, "on the merits" in fact as well as by declaration of the court.

For the reasons stated, the judgment must be affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and GALEN concur.

Rehearing denied July 7, 1927.